## MOTO–MOWER CO. v. E. C. STEARNS & CO., Inc.

### No. 72.

District Court, N. D. New York.

June 2, 1941.

Barthel & Bugbee, of Detroit, Mich. (Willis Bugbee and Julian Caplan, both of Detroit, Mich., of counsel), for plaintiff.

Nottingham, Clymer, Smith & Paltz, of Syracuse, N. Y. (Frederic G. Bodell, D. Emmett Thompson, and J. Ross Paltz, all of Syracuse, N. Y., of counsel), for defendant.

BRYANT, District Judge.

Plaintiff, in its complaint, charges defendant with infringement of Patent No. 1,401,156, issued December 21, 1921, on an invention in a lawn mower. Defendant sets up defenses of noninfringement and invalidity. Upon the trial only the noninfringement issue was raised. Defendant contends that the patent must be so limited that it does not cover defendant's mower.

At the time the invention took place there were no ordinary sized self-propelled lawn mowers on the market. There were many machines which were suitable for mowing parks, large estates, golf courses, etc., but these were not suitable for homes with large lawns. There were, of course, the ordinary hand lawn mowers, laborious tools for the keeper of oversized lawns. At nearly the same time Jenkins and one Jacobs, unbeknown to each other, filed application for patent on a self-propelled ordinary sized lawn mower. The Examiner drafted a claim for interference purposes, which is claim one of the patent. Jenkins won the right to the patent. His original application consisted of seven claims. Five of these were rejected upon prior patents and the other two were allowed without changes or subsequent amendments. Thus, no limitations were placed upon these claims in the patent's course through the patent office. Two of the original claims and the one declared for interference purposes constitute the claims of the patent. Jenkins assigned his application and the patent was issued to plaintiff.

· Plaintiff placed the mower on the market about 1921 and it proved a commercial success. The popularity of the mower brought imitators or infringers. A considerable number of infringement suits have been commenced against manufacturers and dealers. All, except this action, have been settled and consent decrees entered holding the patent valid and infringed. One of these suits was against Montgomery-Ward Co., a concern handling defendant's mowers.

This action was commenced on the last day of the existence of the patent. Both parties agree that, if infringement exists, an accounting for profits should be had in this action.

In plaintiff's mower, the movement of the ground wheels are controlled by means of a pinion, which plaintiff describes as a loose pinion operated by a clutch. If the clutch is disengaged the cutter is rotated while the ground wheels remain motionless and, if engaged, then the rotating blades advance the wheels. Defendant, instead of using the pinion and clutch for operation and control of the ground wheels, uses the so-called rachet and pawl friction clutch. In reality, it is simply a reversing of the cutter blade ends of the hand mower, using the right end of the cutter blade in the left wheel and vice versa. This arrangement differs from plaintiff's mechanism in result, in that it does not allow control of the ground wheels independently of the cutter blade. When the cutter blade is in motion the ground wheels have to revolve.

There are some differences between the Jenkins patent and plaintiff's commercial mower. Defendant contends that this mower cannot be used to show disclosure of the patent because it does not contain the loose pinion called for by the patent. The pinion used is rigid when the wheels are moving forward and loose when the mower is pulled backward and when disengaged by the clutch. I believe the pinion used can and should be classed as a loose pinion.

■ Defendant's claim of noninfringement is based upon two grounds:

(1). It contends that plaintiff must be held strictly to the pinion disclosure; that defendant's mower, operating without the pinion, is not covered by the patent. The patent must receive a broader interpretation than defendant places upon it. The disclosure resulted in a much needed article being placed upon the market. The law of equivalents here applies. The purposes and objects of the patent are found in both machines. The results accomplished are the same. With plaintiff's pinion engaged, the operations are practically identical. After the Jenkin's disclosure, very little mechanical skill was necessary to design plaintiff's mower. Under the facts, defendant cannot escape infringement by simply leaving out one element.

■ (2). It contends that plaintiff's disclosures are covered by the prior art. Three patents are relied upon. They are patents to Davis, Dale and Olds (numbered 750,616; 961,485 and 1,131,156). Some or all of these were cited by the Examiner. I cannot find anticipation in their disclosures. No useful purpose will be served through any detailed discussion of their coverage.

■ The claims in suit are for a combination of elements. Because of the need of such a mower and the results achieved by the invention, the patent should not be strictly limited.

■ Plaintiff is entitled to judgment. Findings and Conclusions may be presented on notice.