## MOTO–MOWER CO. v. E. C. STEARNS & CO., Inc.

### No. 202.

Circuit Court of Appeals, Second Circuit.

March 23, 1942.

Henry R. Ashton, of New York City (Frederic G. Bodell and D. Emmett Thompson, both of Syracuse, N. Y., on the brief), for appellant.

Willis Bugbee, of Detroit, Mich. (Victor D. Borst, of New York City, on the brief), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, C. E., Circuit Judge.

This action presents the issue of infringement by defendant of U. S. Patent No. 1,401,156, issued December 27, 1921, on the application of Charles Francis Jenkins and by him assigned to plaintiff. Since the action was filed on the last day of the life of the patent, only an accounting was asked for. Possibly for the same reason, defendant, while making a formal plea of invalidity of the patent, did not contest it at the trial, but relied on non-infringement. The district court found infringement and ordered an accounting, D.C.N.D.N.Y., 39 F.Supp. 778, from which interlocutory judgment defendant appeals. We disagree with the conclusion that defendant infringed, and consequently shall not consider the question of validity of the patent.

Jenkins' patent discloses a device for power operation of a small hand lawn mower. A motor is attached to the mower frame or handle, and the power is transmitted to the cutter by a belt, so that the motor drives the cutter directly. One ground wheel is driven by the cutter through a small gear which meshes with a large gear formed by gear notches on the inside of the ground wheel. One of the objects of Jenkins' patent is to enable the cutter to continue in operation without the mower moving forward. In order to do this a friction clutch is placed within the ground wheel and between the cutter and the small gear. The latter is a loose pinion, free to rotate on the cutter shaft until the friction clutch is engaged, whereupon it is driven by the cutter. It is obvious that whenever the motor is running the cutter revolves, and that the clutch controls only the forward movement of the mower.

Defendant's machine is somewhat simpler in construction. Its motor also drives the cutter directly. And the cutter drives both ground wheels by small gears meshing with the notched insides of the wheels. But there are two variations from Jenkins' device. Defendant's clutch is between the motor and the cutter, so that if the motor is disengaged both cutter and ground wheels stop, while if it is engaged, both cutter and ground wheels rotate. The second variation is in the pinion gear, which is neither loose nor solidly attached to the cutter, but is the familiar ratchet and pawl found on the ordinary hand lawn mower. Ratchet and pawl must be reversed, as would happen if one moved them from the left side to the right side and vice versa; for, whereas in the hand mower the ground wheels drive the cutter when the mower is pushed forward, but not when it is pulled backward, in defendant's machine it is the other way around and the motor must drive the ground wheels forward. Thus, in defendant's machine the clutch controls both cutter and ground wheels in a single operation. Moreover, power is applied to both ground wheels, not to a single one as in Jenkins' device; and the operation, particularly in turning corners, is similar to that of the differential gearing in the rear axle of an automobile.

To determine whether or not Jenkins' patent reads on defendant's machine, we turn to the three claims made. The first claim is for a lawn mower with a motor to drive the cutter, "a loose pinion meshing with the ground wheel," and "means operable from the guiding handle for compelling the cutter shaft and its pinion to rotate together." The second claim is to the same effect, except for the addition "means for disconnecting the motor from the cutter shaft." And the third claim states the general idea of the first, except that no loose pinion is mentioned. Instead, it says "releasable friction means under the control of the operator for driving the ground wheels from the cutter shaft."

■ The interpretation of the breadth of these claims must rest on the prior art.

Three prior patents—Davis 750,616, Olds 1,131,156, both cited to the Patent Office when Jenkins' patent was before it, and Dale 961,485—are relied on by defendant. It is sufficient to state that these three patents all disclose a lawn mower operated by a motor with a clutch for disengaging the motor. In Davis, the clutch is between the motor and the ground wheel, which latter drives the cutter; in. Olds, between the cutter and ground wheel; and in Dale, there are two clutches disengaging both ground wheels from motor and .cutter from motor. From these disclosures it follows that the claims in Jenkins' patent must be read narrowly; that is, Jenkins must rest on the specific manner in which he disengages the various parts from operation.

Thus narrowed, it is difficult to see how infringement can be found. The first claim calls for a loose pinion. Plaintiff can hardly rest on this alone. Even assuming that defendant's ratchet and pawl could be called a loose pinion, their use alone could not be infringement, for any lawn mower has them and has had them for years. That the ratchet and pawl are reversed is not sufficient, because once the motor is used to drive the cutter directly, in itself anticipated, the ratchet and pawl would obviously need to be reversed to engage the ground wheels. Otherwise they would have to be removed entirely, and some equally effective substitute provided; they would hardly be left on unchanged to rattle on ineffectively without transmitting power. Furthermore, Jenkins' patent eliminated the ratchet and pawl. More important, however, is the fact that Jenkins' pinion is used for a different purpose. He was endeavoring to enable the cutter to operate without the mower moving forward, unless moved by hand. In his specifications he states this objective distinctly and as a peculiar advantage of his device: "the cutter * * * may even be used to cut, without advance, grass upon which it is lowered from above." Defendant's machine cannot do this. When the motor is disengaged on defendant's machine, the ratchet and pawl are of value only in permitting a forward, but not a backward, movement of the mower, without movement of the cutter. As for the rest of the first claim, defendant's mower has no "means operable from the guiding handle" to engage cutter and pinion. In defendant's mower they always work together.

The second claim can be disposed of by Jenkins' own statement that "the motor may, of course, be freed from the cutter in any of many well known ways." Obviously one way was to take the belt off. Actually he used a spline working in a groove on the cutter bar. This, of course, could not be adjusted while the machine was in operation. But if the spline was freed in advance of starting the motor the belt wheel on the cutter bar would then idle, and by suitable use of the clutch the mower might be operated by hand. Defendant has a friction clutch at the motor, and hand operation is impossible. This can hardly be called infringement.

■ As for the third claim, defendant's machine has no "releasable friction means * * * for driving the ground wheels from the cutter shaft." Ratchet and pawl are not "friction means," and though they allow an energetic operator to move the mower faster than the motor would drive it forward, or to disengage motor and move it forward free of cutter operation, that is hardly "releasable" in the intent of the claim; for there the device was supposed to allow the operator to control the rate of advance through manipulation of the clutch.

■ The district court relied on the law of equivalents. Though it found that the Jenkins device had never been manufactured commercially—for the machine plaintiff actually marketed was like that sold by defendant—nevertheless it felt that Jenkins aimed at a result which defendant had produced by another means. The difficulty with this conclusion is that it. requires broadening or rewriting the claims, which we have just shown is not possible under the prior art. Cf. Claude Neon Lights, Inc., v. E. Machlett & Son,. 2 Cir., 36 F.2d 574, 576, certiorari denied. 281 U.S. 741, 50 S.Ct. 347, 74 L.Ed. 1155.. When we note that five of Jenkins' original claims, much broader in scope, were eliminated in the Patent Office, it is clear that he must rely on doing fairly specifically what his claims set out. Since that necessitates a device for operating cutter independent of ground wheel action, he cannot reach out and include a device which does not do that. Burr v. Duryee,. 1 Wall. 531, 572, 68 U.S. 531, 17 L.Ed.

650; Westinghouse v. Boyden Power-Brake Co., 170 U.S. 537, 18 S.Ct. 707, 42 L.Ed. 1136; Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 221, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132.

The interlocutory judgment is reversed and the case is remanded, with directions to dismiss the action.