SCHRIBER-SCHROTH CO. *v.* CLEVELAND TRUST CO. ET AL.*

No. 9. Argued October 24, 25, 1940.—Decided December 9, 1940.

---

* Together with No. 10, *Aberdeen Motor Supply Co.* v. *Cleveland Trust Co. et al.,* and No. 11, *F. E. Rowe Sales Co.* v. *Cleveland Trust Co. et al.,* also on writs of certiorari, 309 U. S. 648, to the Circuit Court of Appeals for the Sixth Circuit. The Chrysler Corporation was joined as a party plaintiff in the original suits and is a nominal respondent here.

*Messrs. John H. Sutherland* and *John H. Bruninga* for petitioners.

*Messrs. Arthur C. Denison* and *F. O. Richey*, with whom *Messrs. Wm. C. McCoy* and *Milton Tibbetts* were on the brief, for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.*

Decision in these cases turns on the question whether, in the light of the patent office history of the Jardine patent on a piston for gas engines, the court below, in construing the specifications and claims, erroneously included one element, "flexible" or "yielding" webs, in the patented combination.

A related question was considered by this Court in connection with the Gulick and Maynard patents, also involved in this litigation, in *Schriber-Schroth Co.* v. *Cleveland Trust Co.*, 305 U. S. 47. Respondent, the Cleveland Trust Company, is the assignee in trust under a pooling agreement of some eighty patents relating to

---

* The opinion appears here as amended by an order of February 3, 1941, reported in 312 U. S.

pistons for gas engines. It brought suit in the district court for northern Ohio against petitioners, three piston dealers, customers of the Sterling Products Company, to restrain infringement of five of the patents, including the Gulick patent No. 1,815,733, applied for November 30, 1917 and allowed July 31, 1931, the Jardine patent No. 1,763,523, applied for March 11, 1920 and allowed June 10, 1930, and the Maynard patent No. 1,655,968, applied for January 3, 1921 and allowed June 10, 1928.

The cases were consolidated and tried before a special master who, upon the basis of elaborate special findings, concluded that the Gulick patent was invalid because of want of invention and because of the addition to the application by amendment in 1922 of a new element of the alleged invention; that the Maynard patent was invalid for want of invention and for failure to describe and claim the alleged invention, and that the Jardine patent was invalid as not showing invention over the prior art exhibited by Ricardo, Franquist and Long. He held the other patents invalid for reasons not now material.

The district court adopted the master's findings and gave its decree for petitioners. The court of appeals reversed as to two of the five patents, holding the Gulick and Maynard patents valid and infringed. 92 F. 2d 330. The elements of the combination as stated in claim 39, of the Gulick patent, are:

"A piston for an engine cylinder comprising a skirt, a head separated from the skirt wall around its entire periphery, said skirt being longitudinally split to render the skirt wall yieldable on every diameter in response to cylinder wall pressure, wrist pin bosses, and means rigidly connecting said bosses to the head and yieldingly connecting said bosses to the skirt whereby said skirt is yieldable in response to cylinder wall pressure."

Reference to a combination, including with other elements web connections "whereby said piston skirt is

rendered yieldable during operation in response to cylinder wall pressure" appears in number 18, one of the sustained claims.

The court of appeals found invention in both the Gulick and Maynard patents, in a combination of elements of which one was "webs laterally flexible," which was not specifically described or claimed in the Gulick patent before its amendment of 1922 and was never so described or claimed in the Maynard patent.

Conceding that other elements in the combinations were old in the piston art it said: "But to combine insulation of head from skirt, retraction of the bosses from the skirt periphery, connection of such bosses to the skirt with webs laterally flexible and yet so carried from the head as to support the load upon the wrist pin with sufficient strength and rigidity, and to utilize the mechanical force of the cylinder wall upon the skirt and the thermal expansion of the bosses so as to compensate evenly and fully for head expansion and to secure a balanced flexibility of the skirt with no bending concentration at any point therein, discloses, we think, a meritorious concept beyond the reach of those skilled in the art." 92 F. 2d at 334.

Upon an examination of the Gulick application before amendment and the Maynard patent we concluded, 305 U. S. 47, that neither described or claimed flexible or yieldable webs as an element in the patented inventions. For that reason alone we held that, if the flexible web constituted an essential element of the inventions, both patents failed to satisfy the requirement of the statute that the patentee describe his invention so that others may construct and use it after the expiration of the patent and that it "inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not,"

*Permutit Co.* v. *Graver Corp.,* 284 U. S. 52, 60; that consequently the patent monopoly did not extend beyond the invention described and explained by the patent as the statute requires and could not be enlarged by amendment so as to embrace in the invention an element not described or claimed in the application as filed, at least when adverse rights of the public had intervened. See *Schriber-Schroth Co.* v. *Cleveland Trust Co., supra,* 57.

Upon the remand the court of appeals held in the present suit, *Schriber-Schroth Co.* v. *Cleveland Trust Co.,* 108 F. 2d 109, that the elements of the combination described and claimed in the Gulick patent before amendment and in the Maynard patent without including the flexible web element which was added only by amendment to the Gulick patent, did not disclose invention over the prior art. But considering that the flexible web element which had not been included in the combination patented by Gulick and Maynard had been described and claimed in the Jardine patent, it recalled its mandate to the district court by which it had directed dismissal without prejudice of the suit brought on that patent. See *Schriber-Schroth Co.* v. *Cleveland Trust Co., supra,* 112, 113. Upon an examination of the Jardine specifications and claims it found there described and claimed the invention which it had previously found in Gulick and Maynard, but which this Court had found the patentees had failed to describe and claim in their applications.

The Jardine claims, 1, 8 and 11, which it sustained, recite the webs as an element but do not describe them as flexible or point to flexibility as an element in the invention claimed. But in the specifications of the patent, which so far as now material appeared in Jardine's application describing the invention, he makes specific reference to the webs constructed in such proportions as to enable them to "bend" in response to the reaction force of the cylinder wall on the outer faces of the guide

segments as the piston expands, and to the coöperation of the "bending" web with the thermal expansion of the guide part of the piston without a corresponding increase in its outer diameter.[1]  He explained the principle of his device saying, "I have found that these difficulties can be overcome by constructing a piston with its skirt or guide portion supported and slotted or divided in a manner to permit deformation and deflection of parts thereof without interfering with the performance of the essential functions of the respective parts."

Reading specifications and claims together, the Court of Appeals interpreted the latter as incorporating the element of web flexibility in the combination claimed and concluded that Jardine had explained and claimed "the principle of operation of his machine and the flexibility of its webs." It said that "the knowledge that was not Gulick's or was by him concealed is clear to Jardine and by him proclaimed." It held the Jardine patent valid and infringed as it had found Gulick infringed in its earlier decision.

---

[1] An excerpt from the Jardine Specifications reads:

"The webs 6 and guide segments preferably are so designed that this displacement of the segments 10, 10ᵃ, is permitted by virtue of a bending of the webs 6 at points remote from the guide segments. To this end, as shown in Fig. 4, the thickness of the guide segments is increased toward the webs 6 and the webs 6 are decreased in thickness from the guide portions inward toward the bosses to points in line with the inner ends of the slots 11ᵃ. This gives in effect a cantilever structure weakest at its support, . . . Thus the reaction force of the cylinder wall on the outer faces of the guide segments as the piston expands tends to cause bending of the webs 6 along said lines 13. Due to the bending of the web sections 6 and the forcing together of each pair of segments, the guide part of the piston may undergo a considerable thermal expansion without a corresponding increase in the outer diameter thereof and thus a small initial clearance can be used without danger of scoring or seizure of the piston."

We granted certiorari, 309 U. S. 648, on a petition which raised, among others, the question whether the court of appeals had misinterpreted or unduly limited this Court's earlier decision in this case and its decision in *Permutit Co.* v. *Graver Corp., supra,* by refusing to hold a patent invalid where a feature found to be an essential element of the patented combination was not mentioned in the claims of the patent and was in fact surrendered during the prosecution of the application and after adverse decisions in interferences.[2]

The claims of a patent are always to be read or interpreted in the light of its specifications, *Hogg* v. *Emerson,* 11 How. 587; *Carnegie Steel Co.* v. *Cambria Iron Co.,* 185 U. S. 403; *Smith* v. *Snow,* 294 U. S. 1; and we may assume that if in the present case the specifications and claims of the patent were to be interpreted without reference to its file wrapper history, the webs referred to in the claims are the webs described in the specifications as capable of bending in coöperation with the slotted piston guides or skirts so as to compensate for thermal expansion and so supply the element of webs laterally flexible which was wanting to Gulick and to Maynard. But the particular invention to which the patentee has made claim in conformity to the statute is not always to be

---

[2] A question raised by the petition for certiorari was whether respondent could prosecute its suit for injunction in the absence, as a party, of the licensee to whom respondent had granted the exclusive right to manufacture, under the patents in question, aluminum pistons, the only field in which concededly the patent has present practical utility. The special master found against petitioners on this point and no exceptions were taken to his finding, nor was the point argued when the case was first before the circuit court of appeals and this court. The court below thought that in view of these circumstances the right of respondents to an injunction was no longer an issue. We do not here pass on the question since we find that, in any case, for reasons appearing in the opinion, no injunction should issue.

ascertained from an inspection of the specifications and claims of the patent alone. Where the patentee in the course of his application in the patent office has, by amendment, cancelled or surrendered claims, those which are allowed are to be read in the light of those abandoned and an abandoned claim cannot be revived and restored to the patent by reading it by construction into the claims which are allowed. Hence, petitioners argue, the effect to be given to the omission from the Jardine claims of any reference to the flexible web feature, which the court below thought distinguished his alleged invention from that of the Gulick and Maynard patents, cannot rightly be determined without some examination of the claims pointing to flexible webs as a feature of his invention, which Jardine added to his application by amendment and later surrendered as a result of interference proceedings in the patent office.

The Jardine patent was described as of the slipper type of piston although not limited to that type, the skirt consisting of two separated parts circumferentially separated from the piston head, supported by the webs which connect the skirt or slippers with the piston head and support wrist pin bosses from which the skirt is retracted or cut away. The claims of the Jardine application as filed or later amended and ultimately allowed made no reference to the webs as flexible, yielding, or resilient, which the court of appeals found, when coöperating with other structural elements, to be a distinguishing feature of Jardine's invention. Claim 8 of the Jardine patent, which is typical of the three which the court below sustained, reads:

"In a piston for an internal combustion engine, the combination of a head having a cylindrical ring flange, oppositely disclosed webs integral with the flange and carrying diametrically opposite piston pin bosses, a skirt integral with said webs and cut away to expose the sides

of said webs and separated from the ring flange by circumferential slits and provided with a longitudinal slit disposed between the ends of the webs."

Claims 5 and 6 refer to the "skirt portion cut away from the head to expose the bosses."

While the application was pending Jardine amended his claims so as to supply this omission. In various forms he claimed the piston head, skirt and web combination with piston head separated at its flange or periphery from the skirt, the skirt slotted or separated into parts and connected with the head by the webs, variously described as "yielding ribs," "resilient arms," "skirt carriers . . . susceptible of being slightly flexed radially" or as "joining means being resiliently yieldable," or as "means for yieldingly connecting the said skirt section with said head." These claims, as a result of being thrown into interference with Hartog, No. 1,842,022, applied for February 16, 1920, allowed January 19, 1932, and in some instances with Gulick and with Long, No. 1,872,772, applied for March 7, 1919, allowed August 23, 1932, were rejected by the patent office. Jardine then withdrew all of these amendments. Of these amended and cancelled claims, claim 18 [19 E] is typical. It reads as follows:

"In a piston of the class described, a cup-like head comprising a pressure receiving end and a wall portion, a skirt circumferentially disconnected from the wall portion of the head and divided from end to end, and skirt carriers connecting said skirt to the pressure receiving end, said skirt carriers being disconnected from the wall portion of the head and susceptible of being slightly flexed radially."

Upon comparison of the withdrawn claim with claim 8 of the patent as allowed it will be observed that both are combination claims for a piston having a head, a divided or slotted skirt disconnected from the wall portion of the

head and connected with the head by ribs, webs or skirt carriers. The only material difference in view of what has been said to be the invention is the statement in the withdrawn claims that the skirt carriers (webs) are "susceptible of being slightly flexed radially" or the like. Whatever would have been the proper construction of the claims as allowed, read in the light of the specifications alone, there being no amendments, the question now presented is whether in view of the amendments and their withdrawal the patent can rightly be construed as including the flexible webs in the claim allowed.

In addition to the fact of the cancellation of the only claims specifying flexing webs or their equivalents as a feature of the invention, it is to be noted that at no time during the prosecution of the Jardine application did he urge that he was the inventor of a piston having flexible webs. Before the interferences and in distinguishing his invention from the Ricardo piston, Jardine urged as his only advance over Ricardo the addition of the slotted skirt which "changes the structure and the resistance to a disposal of the forces within and without the piston when the piston is in use," although in this litigation it is contended that the Ricardo patent did not disclose flexing webs. In submitting the final amendment cancelling the flexible web claims in interference and presenting the claims 8 and 11 of the Jardine patent held valid by the court below, there is no mention of flexing webs, the features stressed being in the case of claim 8 that the webs are integral with the ring flange and in the case of claim 11 that the webs are integral with the flange and extend "convergingly inwardly" therefrom.

It is a rule of patent construction consistently observed that a claim in a patent as allowed must be read and interpreted with reference to claims that have been cancelled or rejected, and the claims allowed cannot by construction be read to cover what was thus eliminated from

the patent. *Shepard* v. *Carrigan*, 116 U. S. 593; *Sutter* v. *Robinson*, 119 U. S. 530; *Roemer* v. *Peddie*, 132 U. S. 313; *Phoenix Caster Co.* v. *Spiegel*, 133 U. S. 360; *Hubbell* v. *United States*, 179 U. S. 77; *Weber Electric Co.* v. *E. H. Freeman Electric Co.*, 256 U. S. 668; *I. T. S. Rubber Co.* v. *Essex Rubber Co.*, 272 U. S. 429, 443. The patentee may not, by resort to the doctrine of equivalents, give to an allowed claim a scope which it might have had without the amendments, the cancellation of which amounts to a disclaimer. *Smith* v. *Magic City Club*, 282 U. S. 784, 790; *Weber Electric Co.* v. *E. H. Freeman Electric Co., supra*, 677, 678; *I. T. S. Rubber Co.* v. *Essex Rubber Co., supra*, 444. The injurious consequences to the public and to inventors and patent applicants if patentees were thus permitted to revive cancelled or rejected claims and restore them to their patents are manifest. See *Leggett* v. *Avery*, 101 U. S. 256, 259.

True, the rule is most frequently invoked when the original and cancelled claim is broader than that allowed, but the rule and the reason for it are the same if the cancelled or rejected claim be narrower. *Morgan Envelope Co.* v. *Albany Paper Co.*, 152 U. S. 425, 429; *Wm. B. Scaife & Sons Co.* v. *Falls City Woolen Mills*, 209 F. 210, 213; see *Computing Scale Co.* v. *Automatic Scale Co.*, 204 U. S. 609, 620, 621; cf. in case of disclaimer *Altoona Publix Theatres, Inc.* v. *Tri-Ergon Corp.*, 294 U. S. 477, 492, 493.

In view of the prior art which precluded, as the court below held, invention in Gulick and Maynard, absent the flexible webs, and in Jardine without the inclusion of the surrendered flexible web feature in the patented combination, it does not appear why the patent office allowed the broad claims after rejecting the narrower ones. But in any case the patentee, having acquiesced in their rejection, is no longer free to gain the supposed advantage of the rejected claims by a construction of the allowed

claims as equivalent to them. *Morgan Envelope Co.* v. *Albany Paper Co., supra.*

The application of that principle in the present case is not foreclosed as respondent suggests because the combination of elements surrendered differs from the combination which the court below found to be preserved in the allowed claims and in which it found invention. The combination which it found to be preserved in Jardine's claims was "a combination with balanced skirt flexibility due to co-operation of longitudinal and vertical slotting with flexing webs supporting retracted bosses and connected to a skirt thereby made responsive to physical compression and thermal expansion so as to permit of minute clearances between piston and cylinder, a concept perceived in Gulick as amended and minus amendment no longer perceived." 108 F. 2d 114.

But the amended and cancelled claims are to be read in the light of the specifications. So read, cancelled claim 18 [19 E], already quoted, claims a piston "of the class described" and embraces the combination in which the court below found invention, longitudinal and vertical slotting, flexing webs supporting "retracted bosses" and connected to a skirt thereby made responsive to physical compression and thermal expansion. True the amended and cancelled claim and allowed claims 1, 8 and 11 did not specifically mention retraction of the skirt from the bosses. Nor did either the amended claims or the allowed claims specify balanced skirt flexibility due to coöperation of the parts. For them recourse must be had to the specifications and drawings in which the court below found the elements of the invention which it described but in which, absent the flexible web element, it found no invention. In view of such want of invention and of the prior art, the only material difference between the amended and the allowed claims is the presence in the former of the flexible web element and, in consequence of the surrender of the former particularizing the flexible web feature of

the alleged invention, the latter cannot be construed as including that feature.

We have no occasion to determine whether, in view of the prior art, the Jardine patent disclosed invention if the flexible web feature had not been surrendered. Without it the court below concluded that Jardine, like Gulick and Maynard, disclosed no invention. It rejected the Schmiedeknecht patent, No. 1,256,265, one of those in suit, on like grounds, saying, "It discloses no web flexibility co-operating with other elements of resiliency to achieve the balanced flexibility perceived in Jardine on the basis of which alone the latter is thought to be valid . . ." We accept this conclusion as supported by the evidence of the prior art in the master's findings and the only one which could be reached consistently with the decision below with respect to the Gulick and Maynard patents which stand adjudged as invalid.

*Reversed.*

MR. JUSTICE McREYNOLDS and MR. JUSTICE ROBERTS took no part in the consideration or decision of this case.