**CURTIS COMPANIES, Inc., v. MASTER METAL STRIP SERVICE, Inc., et al.**

**No. 7757.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 16, 1942.

A. W. Molinare, W. P. Bair, and Will Freeman, all of Chicago, Ill., for appellant.

Clarence E. Threedy, of Chicago, Ill., for appellees.

Before EVANS, SPARKS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a decree dismissing plaintiff's suit for infringement of the Madsen patent, No. 1869760, issued August 2, 1932, and disclosing a weatherproof window construction. The District Court held claims 10, 13 and 14 of the patent invalid in view of prior patents.

The patentee's claim 10, typical of the others, is copied in footnote 1.

Prior to 1932 most of the windows commercially used were ordinary double hung windows in which two sash slide up and down in the frame under control of sash cords, weights and pulleys.

In the Madsen window they are hung on springs and have metal strips serving as weatherstrips which provide uniform friction to hold the sash in any position to which they may be adjusted.

The springs are designed to balance the sash at approximately the middle of its range of sliding movement so as to afford the least possible change in tension. To cooperate with the springs and hold the sash in any possible position to which they may be adjusted, Madsen provided means for maintaining friction between the sash and the frame. It is a metal strip secured to the sash functioning as a weatherstrip. It has two spaced projecting spring leaves which project into a narrow groove in the jamb, which provide uniform friction to counteract the pull of the spring, and thus take care of the tendency of the spring to move the sash to their normal positions.

The claims of a patent are to be understood and interpreted in the light of its specifications, Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 217, 61 S.Ct. 235, 85 L.Ed. 132. Madsen, in his specifications, recites: "Still another purpose of the present invention is to provide a weatherproof construction * * * by which there may be obtained a predetermined amount of frictional resistance to the sliding movement of the sash to accommodate and compensate for slight variations in the sash balance whether of the spring or weight and cord type." He continues: "My improved construction may be used with weatherstrips of the kind hung with weights and ropes and pulleys, but I prefer to use it with sash that are spring supported," and continuing further, "On account of the fact that it is extremely difficult to hang the window sash with exact accuracy the provision of a little such play is desirable. For instance, where sash are spring hung as illustrated, it becomes quite important to not have any binding other than that provided for by the resiliency of the weatherstrip." He also says: "The sash is loosely mounted in the frame in such a manner as to avoid any substantial friction between the sash and frame. The weatherstrip thus serves to hold the sash in its proper position against in and out movement and against sidewise, and practically the only friction involved in sliding the sash is that between the weatherstrip and the jamb. That is what I call 'free floating movement.'"

It is clear from a reading of the specifications and the claims in question that Madsen's object or purpose was the construction of a window employing the weatherstrip of the patent which could be used with the ordinary weight and pulley sash balance, as well as with springs.

---

1 10. In a window construction, a frame element, a sash element vertically slidable therein, spring means tending to balance the sash at an intermediate point in its vertical movement, said elements having at each side co-acting guide and engaging means comprising spaced substantially parallel vertical faces and spaced members for yieldingly engaging said faces for frictionally resisting vertical sliding movement of the sash and permitting limited movement of the sash between the sides of the frame and allowing in and out movement of the sash, said members being in engagement with said faces for the full height of the sash during the full travel thereof whereby the sash will be held in any position of vertical adjustment when not balanced by the spring means.

The defendants introduced in evidence, among others, prior art patents[2] which disclosed combinations comprising the elements found in the Madsen patent, namely, (1) a frame element; (2) a sash element vertically slidable therein; (3) spring means tending to balance the sash at an intermediate point in its vertical movement; and (4) spaced members for frictionally resisting vertical sliding movements. It will not be necessary to discuss all of the patents introduced. The Bricker patent, issued April 9, 1907, covered a metal weatherstrip attached to the frame and extending into a groove in the sash arranged to make a sliding engagement with a receiving groove to bear outwardly at each side, retaining their elasticity. The Fauner patent issued February 11, 1913, covered a spring cushion and weatherstrip for use in vertically sliding windows, formed from a single strip of material providing a back with a marginal edge turned back upon this back folded to provide an outwardly extending rib. On account of the peculiar formation of the strips the tongues are movable from side to side as well as in and out. They are, therefore, flexible in three directions. The Hopkins patent, issued September 4, 1928, discloses the combination of a spring sash balance and a weatherstrip. A window made in accordance with the specifications was introduced in evidence and examination thereof discloses that in each sash is a groove, and in this groove is a channel-shaped member having slidably positioned therein a weatherstrip. Disposed between the weatherstrip and the base wall of the channel are two spring members, all assembled as a unit in the groove of the sash. In the side jambs of the window frame is a groove in which is positioned a channel-shaped parting strip comprising parallel spaced resilient leaves adapted to engage adjacent walls of the window sash. The springs tend to press the weatherstrip outwardly into frictional contact with the walls of the side jambs, and thereby provide a frictional weatherstrip retaining the sash in an adjusted position. The Foresman patent, issued June 28, 1932, relates to a weatherstrip for sliding closures. It is formed of resilient material bent substantially U-shaped, mounted in grooves formed in the sash so that the resilient leaves will frictionally engage adjacent walls of the grooves and thus provide a frictional contact.

The only issue we are called upon to decide, is whether the claims in suit are valid in view of the prior art. On this point the trial court held the Madsen patent invalid.

■ A valid patent cannot issue to an applicant for his alleged invention if it was known or used by others before his invention or discovery, and more ingenuity must be involved than the work of a mechanic skilled in the art. Perfection of workmanship, however much it may increase the conveniences, extend the use, or diminish expense, is not patentable, Orr v. Skilsaw, Inc., 7 Cir., 124 F.2d 751, nor is a mere aggregation of a number of old parts or elements which, in their aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, a patentable invention. Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S. Ct. 662, 82 L.Ed. 1008.

In the instant case the claimed novelty of the Madsen patent, says the plaintiff, lies in the fact that Madsen "did away with the usual weights and hung his sash on coil springs," and that the claims are for a combination in which the elements cooperate to achieve a new result. We think this contention is not sound.

■ In Hopkins, there are no weights, and Hopkins employs a spring for sash balance purposes. Neither the Bricker nor Fauner patents were considered by the Examiner during the examination of the Madsen application. The Bricker and Fauner weatherstrips were arranged to make a sliding engagement with a receiving groove to bear outwardly, thus retaining elasticity and flexibility. Plaintiff points to the fact that the friction means (weatherstrip) in the Madsen patent, cooperate with the sash and the frame and the springs to hold the sash in any adjusted position; that this friction takes care of the weight of the sash, while in other sash positions the friction overcomes the tension of the springs and the weight of the sash and remains uniform in all positions of the sash under all conditions of the expansion or contraction of the parts during use. Foresman's weatherstrip was formed of resilient material bent substantially U-

[2] Bricker, No. 849365; Fauner, No. 1052576; Hopkins, No. 1683355; and Foresman, No. 1864994.

shaped so that the resilient leaves frictionally engaged the walls of the grooves, providing frictional contact. To us, it seems the problem was solely a matter of the amount of friction between the weatherstrip and the sash for holding the sash in any adjusted position. Invention was not involved. Obviously, after comparing the prior art with Madsen construction, it is clear there were no new elements in the Madsen patent and his patent produced no new result. Perhaps Madsen produced a construction that was more perfect than any similar construction shown in the cited prior art. His effort, however, was merely the skill of the calling. It did not entitle him to a patent.

The decree of the District Court is affirmed.