**KOLB v. PENN BOILER & BURNER MFG. CORPORATION et al.**

**Civil Action No. 1610.**

District Court, E. D. Pennsylvania.

Aug. 7, 1945.

---

A. Yates Dowell, of Washington, D. C., and Charles W. Eaby, of Lancaster, Pa., for plaintiff.

Frank H. Borden and Robert M. Barr, both of Philadelphia, Pa. for defendant.

KIRKPATRICK, District Judge.

This is a suit for the infringement of letters patent No. 2,228,602 issued to the plaintiff. The patent is for improvements in a boiler to be used in a hot water heating system. The device consists of an outer and an inner jacket, the space between the jackets being filled with water. The interior of the inner jacket is so arranged as to form a space for the fire box and a tortuous flue passage. The flue passage lies between a number of transverse, vertical, hollow baffles which alternately extend to within a few inches of the top or bottom of the furnace. These baffles communicate with the space between the inner and outer jackets, so that they are filled with water. The fire box is designed to be removable through a closure plate which contains a removable heat insulating member.

The defendant's accused device is a similarly constructed hot water boiler, but without the insulating member and designed so that a "retort" for a stoker (or, possibly, an oil burner) may be inserted into the interior of the inner jacket instead of the fire box. There are also other differences in the two structures which are unimportant for the purposes of this decision.

The combination patented, eliminating structural details, really contains three major elements, namely: (1) A tortuous flue, formed by hollow baffle walls, for the passage of combustion gases, (2) an insertable and removable fire box and (3) a removable heat insulating member adapted to seal the space around the fire box.

Claim 5 of the application described the combination in terms almost identical with the single claim ultimately allowed, except that the removable heat insulating member did not appear in it. Claim 5 called for a removable closure for the apertures engaging the fire box and sealing the space between the fire box and the walls of the jacket. The claim granted contained a removable closure adapted to seal the aperture in said outer jacket and then added "said closure including a removable heat insulating member, adapted to seal the space around said fire-box and between the walls of said jackets," etc.

The file wrapper discloses beyond question that the patent was granted as a result of adding the removable heat insulating member. The patentee in his final paper cancelled claim 5, presented the new claim and pointed out "furthermore it (the Warr disclosure upon which claim 5 had been rejected) provides no removable insulating means for sealing the space between the jackets around the outer end of the fire box."

■ It is undisputed that the defendant's structure contains no removable heat insulating member. The defendant Stauffer testified that the use of a heat insulating member, such as that shown in the plaintiff's patent, would be detrimental to the various mechanical parts of the stoker used in his boilers, since it is desirable to keep the mechanism below the level of the retort as cool as possible. The plaintiff may not read this element out of his claim as immaterial because by doing so the claim would be identical in scope with those eliminated from the patent. "The patentee may not, by resort to the doctrine of equivalents, give to an allowed claim a scope which it might have had without the amendments, the cancellation of which amounts to a disclaimer." Schriber Co. v. Cleveland Trust Co., 311 U.S. 211, 221, 312 U.S. 654, 61 S.Ct. 235, 240, 85 L.Ed. 132.

There are other reasons urged why the defendant does not infringe but it is unnecessary to discuss them.

The question of validity is not passed upon. I am assuming (but not deciding) for the purposes of passing upon the question of infringement that the addition of the removable heat insulating member made a patentable combination out of one which this patentee, by cancelling the claims for it, has admitted to be unpatentable. The point now made against the validity of the patent was not developed at the trial and has been argued at length for the first time in the defendant's brief.

■ I find as a fact that the defendant's accused structure does not infringe the claim of the plaintiff's patent. The statements of fact and law contained in the foregoing opinion may be taken as special findings and conclusions. I conclude as a matter of law that the defendant is entitled to judgment.

Judgment accordingly.