**IOWA MFG. CO. OF CEDAR RAPIDS, IOWA v. BARBER–GREENE CO.**

No. 10170.

United States Court of Appeals
Seventh Circuit.

May 18, 1951.

Carl S. Lloyd, Chicago, Ill., Beahl T. Perrine, Cedar Rapids, Iowa, for plaintiff-appellant.

Harry W. Lindsey, Jr., George N. Hibben, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

This is a suit for infringement of letters-of-patent No. 2,312,477, issued to plaintiff as assignee of the inventor Pollitz. Defendant, after filing an answer setting up invalidity and non-infringement and a counterclaim for a declaratory judgment, served on plaintiff a Notice to Admit Documents and Facts, pursuant to Federal Civil Procedural Rule 36, 28 U.S.C.A., and, relying upon the averments of the complaint and plaintiff's admissions, moved for summary judgment. The motion, which did not attack the validity of the patent, was predicated on the twin assertions of "non-infringement and estoppel on the part of the plaintiff to assert infringement." The District Court granted the motion and entered judgment of dismissal, from which this appeal is taken.

The patent, in the words of the inventor, "relates to vibrating screens, and more particularly to separating devices for sorting and classifying aggregates",—crushed stone or gravel. Only one claim is involved; it reads as follows:

"A vibrating machine comprising a base, a member to be vibrated, a plurality of leaf springs secured to said base and extending obliquely upwardly therefrom into secured engagement with said member, said springs forming a cantilever floating support for said member, a vibration-exciting mechanism mounted on said member and forming a floating assembly therewith, said mechanism including a pair of heavy shafts eccentrically mounted for rotation in opposite directions with respect to each other and at the same speed, and which shafts provide a uniformly distributed off-center load over substantially the entire length of said shafts, the unbalanced forces created by the rotation of said shafts being symmetrical about a plane passing between the shafts and perpendicular to the direction of extension of said springs, said vibration-exciting mechanism being located on said member in a position such that the plane of

action of the vibrating forces passes directly through the center of gravity of said floating assembly."

Defendant admits that, except for the vibration-exciting mechanism, all of the elements of the combination described in the single claim find response in its accused device. It contends, however, that its vibrator structure, which includes a pair of shafts, to each of which separate weights are rigidly attached at spaced intervals along the length thereof, does not respond to Pollitz' claim for "a vibration-exciting mechanism * * * including a pair of heavy shafts eccentrically mounted * * * which shafts provide a uniformly distributed off-center load over substantially the entire length of said shafts * * *." Plaintiff, on the other hand, maintains that "defendant's eccentrically weighted vibrator shafts are mechanically the same thing as, or * * * the full equivalent of, the eccentrically weighted vibrator shafts shown in the patent." To this defendant replies that, by reason of its limitation of the claim as finally allowed, its surrender of the rejected claims, and certain disclamatory admissions allegedly made by it during the prosecution of the application, plaintiff is estopped from urging infringement or from relying on the doctrine of equivalents.

The trial court made this finding of fact: "8. The shafts of defendant's vibrator are light; not 'heavy' as specifically defined in Pollitz's claim. Defendant's shafts are concentrically mounted; not 'eccentrically mounted' as specifically recited in Pollitz's claim. Each of defendant's shafts has separate weights 'concentrated at one or more spaced points on the shaft', and they do not 'provide a uniformly distributed off-center load over substantially the entire length of the shaft', as defined in Pollitz's claim."

The court concluded that, "On the face of the patent the defendant's device does not infringe * * *." It also held that the claim "should be very narrowly construed in the light of plaintiff's admissions and the prior art", and, on the basis of its findings with respect to the presence in the patent specifications of adverse and disclamatory admissions, the limitation by amendment of the single claim of the patent and the cancellation of and failure to prosecute broader claims, decided that "Plaintiff is estopped from asserting infringement or equivalency * * *."

A comparison of the specifications and drawings with the photographs and sketches which have been stipulated to be fairly representative of defendant's accused device is sufficient, without more, to support the conclusion that defendant's vibrator mechanism is not within the literal meaning of the language of the patent claim, for, as the District Court found, the shafts of defendant's vibrator are not "eccentrically mounted" so as to "provide a uniformly distributed off-center load over substantially the entire length of said shafts" but are concentrically mounted shafts made to operate in an eccentric manner by the use of rigidly attached separate weights which, rather than being uniformly distributed over the shafts' entire length, are concentrated at one or more spaced points along each of the shafts.[1]

This, however, is not the end of plaintiff's case, for, inasmuch as defendant has admittedly followed the patent combination in all other material respects, the only deviation being the substitution of concentrically-mounted shafts with eccentric weights rigidly attached thereto at spaced intervals for plaintiff's eccentrically mounted shafts which have the off-center load uniformly distributed throughout their entire length, and inasmuch as the use of both types of shaft is disclosed in the prior art, it would seem that defendant's substitution in the combination of one well-known type of shaft for another would not, unless plaintiff is estopped from invoking the doctrine of equivalency, avoid infringement. The trial court concluded that an estoppel does,

---

1. Plaintiff's argument that, because the weights employed by the defendant are so spaced along the shafts as to provide proper balance, those shafts respond literally to the patent's claim for shafts which "provide a uniformly distributed off-center load over substantially the entire length of said shafts" is, we think, clearly unsound.

exist, saying: "Plaintiff is estopped from asserting infringement or equivalency on each of the following grounds:

"(a) Pollitz and plaintiff made adverse and disclamatory admissions in the specification of the patent and in the specifications of the application for the patent, as filed, and of the earlier filed Pollitz application and during the prosecution of those applications;

"(b) The claim of the patent in suit was deliberately limited by amendment to distinguish further from the prior art vibrator and to secure allowance, and defendant employs the prior art vibrator.

"(c) Pollitz and plaintiff cancelled and failed to prosecute broader claims, which were of substantially the same scope, as now being contended for by plaintiff with respect to the patent claim in suit."

Plaintiff denies that the language in the specifications, the amendment of the single claim finally allowed by the insertion therein of the word "uniformly", or the cancellation of the rejected claims, individually or collectively, can have the effect attributed to them by the District Court.

In the course of the prosecution of the application, there was but one amendment of the claim which eventually became the only one allowed. That amendment consisted of the insertion of the word "uniformly" in the clause which then read: "which shafts provide a *uniformly* distributed off-center load over substantially the entire length of said shafts." (Emphasis supplied) Plaintiff insists that, because the same change was made in another claim which was not allowed (but which, it might be observed, differed from the patent claim in that it did not contain the "center-of-gravity" clause found in the latter), the amendment can not be said to have been responsible for the allowance of the patent claim and should not, therefore, be interpreted as limiting the scope of the patent to shafts which respond precisely to the literal meaning of the language of the claim. The fact is, however, that prior to the insertion of the word "uniformly", the claim was rejected and, after the insertion, it was allowed. We can not speculate on the reason for the claim's allowance and say, as plaintiff would have us say, that allowance resulted not from the claim's amendment but from the examiner's changing his mind as to the patentability of the combination. We think that it must be presumed that the amendment was made with the object of limiting the claim, so as to avoid rejection, to eccentrically mounted shafts which have the off-center load distributed uniformly throughout their entire length.

This construction, however, is not based on the amendment of the claim alone; it finds strong corroboration in the language of the specifications as well. Although plaintiff correctly asserts that it is the claim and not the specification which measures the invention, it is well settled that the claim is to be understood and interpreted in the light of the specifications. Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 217, 312 U.S. 654, 61 S. Ct. 235, 85 L.Ed. 132; Hydraulic Press Mfg. Co. v. Williams, White & Co., 7 Cir., 165 F.2d 489, 493. Thus, in the case at bar, the language of the specifications may properly be consulted as an aid in interpreting that clause of the patent claim which calls for "a pair of heavy shafts eccentrically mounted * * * which shafts provide a uniformly distributed off-center load over substantially the entire length of said shafts". With respect to these shafts, the specification reads:

"Since the shafts 42 and 43 are supported on an axis displaced from their centerline, it is obvious that they provide a mass eccentrically mounted for rotation. *They further provide an eccentrically mounted mass which is distributed evenly along the entire length of the shaft rather than being concentrated at one or more spaced points on the shaft.* This distributed loading of the shaft enables the use of the material forming the eccentric load to be used for strength, as well as to provide a vibrating force. * * *" (Emphasis supplied)

This language, expressly distinguishing plaintiff's shafts from the type employed in defendant's device, when considered in conjunction with the language of the claim itself, provides ample justification for the

District Court's conclusions that the patent specification contained disclamatory admissions, that the claim itself had been deliberately limited by amendment to heavy shafts having a uniformly distributed off-center load, and that plaintiff was, therefore, estopped from asserting infringement or equivalency as against defendant, whose device employs shafts which not only do not respond to the language of the claim but are of a type at least tacitly disclaimed in the patent specification.

Our conclusion renders unnecessary any consideration of the District Court's finding as to the effect of cancellation of the rejected claims and failure to prosecute the abandoned application, as well as the holding that defendant's device does not infringe for the reason that it follows the prior art rather than the patent.

The judgment is affirmed.