**MID-WEST WIRE PRODUCTS COMPANY, Inc., Appellant,**

v.

**WALL TUBE AND METAL PRODUCTS COMPANY, Inc., Appellee.**

No. 13703.

United States Court of Appeals
Sixth Circuit.

May 7, 1959.

William T. Sevald, Royal Oak, Mich., for appellant.

Samuel B. Fortenbaugh, Jr., Philadelphia, Pa. (Peter O. Clauss, Philadelphia, Pa., of counsel; Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., on the brief), for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This appeal is prosecuted to a judgment of the District Court finding Geralds Patent No. 2,364,705 for a basket structure valid but not infringed by appellee's basket. The District Court held that the patent is a narrow patent in a crowded art and that the claims must be strictly construed. Claim 1 is typical and reads as follows:

"A basket structure having an elongated frame of the closed loop type, and laterally spaced longitudinally extending supporting runners beneath said frame and having upward extensions secured to opposite ends of said frame, said extensions projecting upwardly beyond said frame and terminating in connecting transversely extending handles, the portions of said extensions between the runners and frame diverging upward, and the portions of said extensions between the frame and handles being substantially V shape extending inward and diverging outward for overlapping interlocking engagement with the first mentioned portions of a superposed basket."

Various objectives are claimed to be attained by this device but the feature here stressed is that these open baskets, preferably of wire, have runners and handles so arranged that the baskets may be safely stacked and easily and safely handled in industrial use. An important object is to provide a basket assembly in which lateral or endwise displacement of the baskets when stacked is prevented and in which the baskets are interlocked without interference with loading or carrying space when they are stacked.

The District Court in extensive findings and conclusions decided that the Geralds patent, in view of its file wrapper history, should be limited and as so limited held the patent valid but not infringed.

■ As to the file wrapper estoppel, it was shown that in the Patent Office Geralds Claim 22 defined the runner extension as being "non-parallel". Certain of the claims in issue described the runners as having diverging extensions, but Claim 22 with its provision for "non-parallel" extensions would have covered appellee's extensions, which are converging. The Patent Office disallowed Claim 22 and adhered to disallowance thereof after appellant made a suggested amendment. Thereupon appellant canceled the claim. The court held that Geralds is estopped from now urging an extension of the coverage of his claims so as to cover appellee's structure. The broadened term "non-parallel" was eliminated from the claims and the claims allowed cannot be construed to cover was what eliminated. Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 220, 61 S.Ct. 235, 85 L.Ed. 132.

■ Appellant contends that the holding as to the existence of the file wrapper estoppel is clearly erroneous with reference to Claims 10 and 12, which do not expressly require diverging extensions of the basket runners. We think this contention has little merit. The record establishes that in order to achieve the construction and function expressly claimed therein, Claims 10 and 12 also require diverging extensions. An expert witness for appellant testified to this effect with reference to Claim 10:

"Q. Now, that arrangement of the extensions of the lower basket upon the outer sides of the extensions of the upper basket is made possible by the fact that these extensions between the runners and the frame diverge upwardly; is that correct? A. That is correct.

\*     \*     \*     \*     \*     \*

"Q. It is a diverging relationship, the upwardly diverging relationship, of the two runner extensions that makes that structure in the Geralds patent, is that right?
A. That is correct."

This conclusion is strengthened by Geralds's own action in the Patent Office.

Claims 16–20 in the original application were the claims which in the patent are numbered 8–12. Geralds pointed out to the examiner that these claims had been slightly amended to bring out more clearly that when the baskets are stacked the runners of the upper basket rest directly on the frame of the lower basket, while the interlocking engagement is obtained by the "coaction of the diverging extensions". Claims 10 and 12 do not specifically state that the extensions diverge upwardly. However, appellant's expert agreed that, since these claims specify that the extensions or handles of the lower basket should engage the outer sides of the extensions of the upper basket, this fact indicates that diverging extensions made this engagement on the outer side possible.

The District Court decided that "All of the claims of the Geralds patent define a basket having upwardly diverging runner extensions, or a basket in which the extensions on the lower basket engage the outer sides of the extensions on the upper basket. Since that is the construction which distinguishes Geralds' basket from the prior art, the claims must be limited to that specific structure." While this finding as to the feature of the structure in which the extensions on the lower basket engage the outer sides of the extensions on the upper basket is not in the exact words of Claims 10 and 12, it embodies the substantial provision of these claims with reference thereto. In light of the District Court's finding, strongly supported by the record, that the field was crowded, we conclude that its decision is in accord with the facts and the applicable law.

■ Since appellee uses a converging runner extension the District Court was

clearly correct in ruling that infringement did not exist.

The judgment is affirmed upon the grounds and for the reasons stated in the findings of fact and conclusions of law of the District Court.