**Hugh W. SHUMAKER, Louis L. Borick and Superior Industries, Inc., Plaintiffs,**

v.

**GROBOSKI INDUSTRIES, INC., an Illinois corporation, Defendant.**

**No. 63 C 1794.**

United States District Court
N. D. Illinois, E. D.

Nov. 3, 1964.

Max R. Kraus, Chicago, Ill., and Francis A. Utecht, Fulwider, Patton, Rieber, Lee & Utecht, Los Angeles, Cal., for plaintiffs.

James R. McKnight, Chicago, Ill., for defendant.

WILL, District Judge.

This cause was heard on plaintiffs' Motion for Contempt Judgment against defendant and those in concert and privity with it, filed July 17, 1964, and pursuant to an Order to Show Cause issued by this Court on the same date. The Court having fully considered the motion, plaintiffs' answer, supporting affidavits filed by the parties, the briefs filed herein and the evidence presented at the hearing before the Court on September 25, 1964, enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff, Hugh W. Shumaker, is the owner of United States Patent No. 2,933,344, for wind deflectors.

2. Plaintiff Louis L. Borick and plaintiff Superior Industries, Inc., are exclusive licensees under Patent No. 2,933,-344.

3. Prior to the bringing of this action, defendant sold wind deflectors which were copies of plaintiff's patented wind deflector. On February 6, 1964, this Court entered a final Consent Judgment permanently enjoining defendant, its agents, employees, servants, attorneys and all those in concert and privity with them from infringing the patent in suit. This Consent Judgment was signed personally by John Groboski, president of defendant. A Writ of Permanent Injunction was properly served on defendant on February 13, 1964 and has been in full force and effect since its entry.

4. After the entry of the injunction, defendant redesigned the bracket portion of its original wind deflector in an effort to avoid infringement of the patent in suit. Defendant's re-designed bracket eliminated the "link extending between a respective corner post and deflector" recited in the patent in suit. As a substitute, defendant provided a pair of spaced mounting brackets, each having opposite and portions rigidly attached to the inner surface of a wind deflector vane, the mounting brackets each having a V-shaped portion with a pair of spaced slots and a body bracket having a central portion and a pair of spaced depending portions, each depending portion having a slot positioned so that it registers as desired with one of the slots of the mounting brackets.

5. Defendant Groboski Industries, Inc., an Illinois corporation, sold the re-designed wind deflectors (Defendant's Exhibit 1) before its dissolution on August 6, 1964. Groboski Industries, Inc., a Pennsylvania corporation, is now selling the re-designed wind deflectors.

6. Defendant Groboski Industries, Inc., an Illinois corporation, now dissolved, Groboski Industries, Inc., a Pennsylvania corporation and John Groboski, president of the Illinois corporation until dissolution and of the Pennsylvania corporation, each appeared before this Court in connection with the pending motion and agreed that, for the purposes of this motion, this Court has jurisdiction over them.

7. Plaintiffs contend that defendant's re-designed wind deflector infringes the claims of the patent in suit.

8. Each of the four claims in plaintiff's patent contains the following provision: "means secured to each corner post articulately mounting a respective wind deflector therefrom, said means including a link extending between a respective corner post and deflector and being pivotally secured at its opposite ends to these members".

9. Plaintiffs have stated that they will stipulate that the specifically described link is not found in defendant's new deflector. The Court accepts and agrees with this statement.

10. The V-shaped mounting brackets used in defendant's re-designed wind deflector are not structures described in

plaintiff's patent, either when viewed alone or in conjunction with the slotted body bracket.

11. Plaintiffs contend that the defendant's substitute for the link recited in the patent is an equivalent of the link.

12. During the prosecution of the application in the United States Patent Office which resulted in the issuance of Patent No. 2,933,344, plaintiff Shumaker tried to obtain allowance of claims eliminating the aforementioned link. The file history of Patent No. 2,933,344 shows that the following claims were proposed by plaintiff, rejected by the Patent Office and later cancelled by the plaintiff:

(a) Original Claim No. 2, which described a wind deflector vane supported from the car body "by means of an adjustable bracket".

(b) Original Claim No. 12, which described a wind deflector vane with "means securing each deflector to a respective corner post" of the car body.

(c) Original Claim No. 13, which described a wind deflector vane with "link means secured at each corner post mounting a respective wind deflector therefrom whereby each deflector is positioned to project laterally and forwardly from the rear window into the slip stream of air at its corresponding side of the vehicle body * * *."

13. The Patent Office, in ordering final rejection of the original claims set out immediately above, particularly noted that "mere 'link means' do not necessarily provide meaningful articulation". The claims which were allowed and are embodied in plaintiff's patent describe the articulation of the link means as "a link extending between a respective corner post and deflector and being pivotally secured at its opposite ends". While the patent indicates that such articulation is designed to make the deflector vane adjustable, the patent does not recite any other means for achieving adjustability.

14. Defendant's substitute for the link described in plaintiff's patent achieves the same result as plaintiff's link (adjustability) but does so by different means.

15. Defendant's substitute also permits greater adjustability of the deflecting vane than is possible with plaintiff's structure.

16. Plaintiffs object to the introduction of the file history of Patent No. 2,933,344 because it was submitted to the Court as an appendix to defendant's brief filed on October 9, 1964 and was not presented for introduction in evidence at the hearing held September 25, 1964.

17. Plaintiffs make no objection to the authenticity of the file history and have responded to defendant's arguments based on the file history in their brief filed October 19, 1964.

18. Plaintiff's patent, as allowed by the Patent Office, recites a combination of elements which, when used together, eliminate the vacuum at the rear of a vehicle.

19. Plaintiffs argue that its product and defendant's product both eliminate the vacuum at the rear of a vehicle by means of adjustable deflector vanes and that the products, taken as a whole, are therefore equivalent as that term is used in the law respecting patents.

20. Plaintiff's patent, as allowed by the Patent Office, does not purport to include other products designed to eliminate the vacuum at the rear of a vehicle unless each material element of the combination recited in the patent is reproduced in the other product or an equivalent is substituted for the *element* omitted.

## CONCLUSIONS OF LAW

1. This action arises under the patent laws of the United States. This Court has jurisdiction over the subject matter of this action, the above-named plaintiffs and defendant, Groboski Industries, Inc., a Pennsylvania corporation, and John Groboski personally.

2. Plaintiff's Patent No. 2,933,-344 is good and valid in law.

**950**

3. There is no valid objection which prevents the Court from considering the file history of Patent No. 2,-933,344, submitted as an appendix to defendant's brief, and it is properly a part of the record in this proceeding.

4. Plaintiff's Patent No. 2,933,-344 is not infringed by defendant's redesigned wind deflector, because it omits an element of the patented structure, specifically, "a link extending between a respective corner post and deflector and being pivotally secured at its opposite ends to these members." See this Court's opinion in Minnesota Mining and Manufacturing Co. v. Permacel-LePage's, Inc., 222 F.Supp. 540, 544 (N.D.Ill.1963), affirmed, 334 F.2d 820, 823 (7 Cir. 1964).

5. The doctrine of equivalency does not apply to defendant's product. The structure which defendant substitutes for the omitted element achieves adjustability in a manner not covered by Patent No. 2,933,344.

6. The law respecting patents dictates that claims cannot be construed to cover items rejected or cancelled in the patent application, as evidenced by the file history. Moreover, the patentee may not, by resort to the doctrine of equivalents, give an allowed claim the scope which it might have had but for the rejection and cancellation of other proposed claims. Schriber-Schroth Co. v. Cleveland Trust Co., et al., 311 U.S. 211, 220–221, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132 (1940). See also, 2 Walker on Patents, Deller's Edition, § 249 and cases cited.

7. In light of the aforementioned principle, and the file history of Patent No. 2,933,344, plaintiffs are estopped . from asserting a construction of said patent or the applicability of the doctrine of equivalents in such a way as would cover defendant's product.

8. Defendant's re-designed wind deflector does not infringe any of the claims of plaintiff's Patent No. 2,933,344 in suit.

9. Defendant has shown cause why its re-designed wind deflector does not violate the Writ of Permanent Injunction entered by this Court on February 6, 1964. Therefore, the order to show cause heretofore issued will be dissolved and plaintiffs' motion for a contempt judgment will be denied without costs.