**Andrew J. TOTI, Plaintiff,**

v.

**U-NEEK ALUMINUM PRODUCTS CO. et al., Defendants.**

Civ. No. 66–635.

United States District Court
C. D. California.

Nov. 22, 1967.

Milton W. Schlemmer, Boyken, Mohler, Foster & Schlemmer, San Francisco, Cal., for plaintiff.

R. A. DiMeo, Urbano & DiMeo, Los Angeles, Cal., for defendants.

MEMORANDUM OF DECISION

WILLIAM P. GRAY, District Judge.

As counsel will recall, on November 15, 1967, at the conclusion of the arguments

---

which followed completion of the taking of evidence, the Court orally announced findings concerning some of the issues of fact and law, and took the rest under submission. The purpose of this memorandum is to announce the decision concerning the remaining issues.

It is my belief that, when considered in light of the specifications and the file wrapper history, Claim 1 of the plaintiff's patent No. 2,720,684, issued Oct. 15, 1955, does not read upon the accused device, because:

(a) The words "passing through" in the Claim imply that the slats of the outdoor awning device may be drawn through the slots in the rafter, and that the slots fully surround the slats when in place. In neither respect is this true of the accused device.

(b) By speaking of the slots as extending through the side walls of the rafter, the Claim precludes a situation in which the slots cut clear through the apex of the rafter and therefore cease to be closed slots, as is true of the accused device.

■■ Counsel for the plaintiff contends that the Court is much too technical and restrictive in this interpretation. This may be, and if so, it is because of the difficulty inherent in considering the question of infringement of a patent that I am convinced is invalid. Under the plaintiff's interpretation, virtually any awning construction that would involve the intersection at right angles of a metal slat with a hollow supporting rod or rafter, would be covered by his patent. Such a result would give him a monopoly in an area that is replete with analogies that are common in the experiences and recollections of all of us. I am mindful that in an appropriate case words should be given a broad interpretation in order not to limit unreasonably or destroy the scope of the invention. But it also has been well said that the reverse of such principle is also true, and that "If the inventor, especially when dealing with a device in a crowded field, uses special words which limit the scope of his invention he *should be held* to the limitation." Mattel, Inc. v. Louis Marx & Co., 200 F.Supp. 593, 594 (S.D. Cal.1961) (emphasis in original).

■ Even if I were to conclude that a fair interpretation of the words of the Claim would cause it to read on the accused device, it does not necessarily follow that there has been infringement. There remains the question of whether the accused article " * * * uses the inventor's idea as embodied in the inventor's design and drawings and that there is sameness or equivalence of function and means." Lockwood v. Langendorf United Bakeries, Inc., 324 F.2d 82, 88 (9th Cir. 1963). I am not able to conclude that the defendants' trailer skirt infringes in these respects.

The defendants' device fulfills the same broad function as is covered by the patent, namely, that of an outdoor all-weather metal awning. However, there are substantial differences in the manner in which the two devices are assembled and in the means by which the slats are held in place. Moreover, unlike the plaintiff's single arc slats, the "S"-like configuration of the defendants' slats is such that, upon insertion, either side may be exposed to a particular view. Thus, if the opposite sides of the slats are painted in different shades, varied color patterns may be displayed by the awning surface. In this sense, the result achieved by the accused device differs from that of the patent.

The above comments with respect to Claim 1 apply with equal pertinence to Claim 3.

Accordingly, I find that the defendants' device does not infringe Claim 1 or Claim 3, and that the answer to fact question No. 1 and to issue of law No. 1 in the Pre-Trial Order is "no".

Fact question No. 11 raises the matter of file wrapper estoppel. This becomes pertinent only if I am wrong in the conclusion discussed in the preceding paragraphs, but it will be considered, in the interests of expeditious completion of the entire case.

As hereinabove noted, the patent discloses a completely enclosed slot that entirely surrounds the corresponding slat. The defendants' slot is open on most of one side, and it has a functional reason for such open space.

The file wrapper shows that on several occasions in the course of the processing of the plaintiff's application for a patent, his attorney sought to distinguish the plaintiff's device from prior art by pointing out that the slots provided in his structure completely embrace the sides and edges of the slats. To the same effect, he argued that his slots extended through, or were drawn through, the slats. He amended some of his claims in order to make this clear and in order thereby to meet the Examiner's objections.

Under such circumstances, the plaintiff is estopped to contend that his patent covers a device, such as that of the defendants, which, for a valid functional reason, uses a partially open slot.

The plaintiff contends that the above-mentioned colloquy and amendments pertained to claims other than the two here concerned. I can see no persuasive reason why this should make a difference, and the Supreme Court has told us that it does not:

"Where the patentee in the course of his application in the patent office has, by amendment, cancelled or surrendered claims, those which are allowed are to be read in the light of those abandoned and an abandoned claim cannot be revived and restored to the patent by reading it by construction into the claims which are allowed." Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 218, 61 S.Ct. 235, 238, 85 L.Ed. 132, 136 (1940).

Similarly, the opinion in Graham v. John Deere Co., 383 U.S. 1, 34, 86 S.Ct. 684, 702, 15 L.Ed. 545, 565 (1966), contains the statement that:

"Here, the patentee obtained his patent only by accepting the limitations imposed by the Examiner. The claims were carefully drafted to reflect these limitations and Cook Chemical is not now free to assert a broader view of Scoggin's invention."

Thus, if Claims No. 1 and No. 3 of the patent here concerned otherwise were to be interpreted to cover the defendants' structure, the principle of file wrapper estoppel should and would be applied to restrict the Claims in such manner as to exclude the type of slot used by the accused device. The answer to fact question No. 11 and to issue of law No. 6 therefore is "yes".

The defendants' attorney is requested to prepare findings of fact and conclusions of law, based upon this memorandum, together with the comments of the Court made from the bench following argument.