### WARREN BROS. CO. v. THOMPSON et al.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1923.)

No. 4036.

1. **Patents ☞328—One claim of 959,976, for pavement, limited by another claim.**
   Claim 2, Wallace patent, No. 959,976, for a pavement, making a claim for a product, *held* limited by claim 1, making a claim for a process, in view of the prior art.

2. **Patents ☞328—959,976, for pavement, held not infringed.**
   Wallace patent, No. 959,976, for a pavement, *held* not infringed.

3. **Patents ☞175—Not necessarily limited to process described.**
   A patent may be obtained for a new product, having definite characteristics which distinguish it, and patentee is not necessarily limited to the precise process which he describes as the method of obtaining it.

4. **Patents ☞168(1)—Admissions in file wrapper cannot vary patent, but may be considered in construing claims.**
   While admissions in the file wrapper may not be adverted to as enlarging or diminishing or varying the language of the patent thereafter issued, they may have value in indicating the construction that should be put on the claims.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit by the Warren Bros. Company against C. M. Thompson and others, copartners doing business under the firm name and style of Thompson Bros., and others. Decree for defendants (282 Fed. 326), and plaintiff appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. M. Head and Harrison F. Lyman, both of Boston, Mass., Paul S. Honberger, of Los Angeles, Cal., and O. L. Everts, of Fresno, Cal., for appellant.

George R. Lovejoy, Dist. Atty., and Ray C. Wakefield, Sp. Co. Counsel, both of Fresno, Cal., and Frederick S. Lyon and Leonard S. Lyon, Sp. Patent Counsel, both of Los Angeles, Cal., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1, 2] The appellant, a corporation, as assignee, brought a suit for infringment of patent No. 959,976 issued May 31, 1910, to E. C. Wallace for a pavement. The court below held that the patent was not infringed. The claim which is alleged to have been infringed is the following:

"2. A pavement comprising a foundation, a lower course thereon made up of large pieces of stone, smaller pieces of stone and stone dust, mixed with sufficient bitumen of proper consistency to thoroughly coat all of the particles, and an upper thin course disposed on the lower course and made up of finely divided mineral matter mixed with sufficient bituminous binding material to thoroughly coat all of the particles, and blended with the coarse mixture at the top of the mass, whereby the two layers are bonded into one and a compact rigid layer densest at the top is formed."

The claim so quoted is a claim for a product. It is associated in the patent with claim 1, which is for a process, and is described as a pavement, consisting of an upper layer laid upon a lower layer and blended with it by pressure, without any intermediate compression of the lower layer. The appellees, in laying their pavement, which is the subject of the infringement suit, departed from the process described in the appellant's patent, in that they interposed rolling of the lower layer before placing the upper layer thereon.

The appellant contends, however, that this difference in process does not avoid infringement, for it says that the pavement which is described as its product in claim 2 has definite characteristics which identify it with the pavement laid by the appellees. It invokes the rule that a claim for a product will not be limited to the process described in the patent, and it contends that Wallace's real advance in the art was the blending of his two layers, and that if the appellees obtained that blending they infringed, and this, whether or not the lower layer was rolled before the top layer was imposed thereon.

[3] It is true that a patent may be obtained for a new product, having definite characteristics which distinguish it, and that the patentee thereof may not necessarily be limited to the precise process which he describes as the method of obtaining it. In the present case, however, it is difficult to see how the product described in claim 2 can be produced otherwise than by the process described in claim 1. We pass by the question whether a pavement in which an upper course is "blended" with a lower course can be the subject of a patent. In all similar pavements the layers which compose them are necessarily more or less blended. The appellees were following well-known methods of the prior art. Their surface course was laid while the lower course was hot.

The appellant contends that the appellees had no right to do this, for the reason that thereby they secured the blending of the two courses, and that blended product, they say, is an infringement of their claim 2. It is not denied, however, that the use of heat in the manufacture of pavements was old in the art, and it is admitted that in the appellant's patent no reference is made to the use of heat, and that according to the appellant's specifications the blending of the layers is accomplished solely by the use of a heavy roller. In the patent to Warren, No. 727,505, which expired in 1920, special reference is made in the specifications to the use of heat and the rolling of the surface layer while it is still soft.

The appellees direct attention to the proceedings in the Patent Office, as shown by the file wrapper, in which the applicant for the patent pointed out the difference between his process and product and the prior art, as evidenced by the patents to Hassam, No. 861,650 and No. 861,651, and the patent to McDonald, No. 814,797. There the applicant distinctly stated that rolling the stone before applying the second course or binder would defeat the end that he sought to attain, and "is expressly disclaimed in applicant's specification." It seems clear that, if this distinction had not been pointedly made by the applicant, no patent would have been granted for either claim of his invention.

[4] The appellant relies on the rule recognized in the decision of this court in Fullerton Walnut Growers' Association v. Anderson Co., 166 Fed. 443, 92 C. C. A. 295, that where the claims of a patent are not ambiguous they are not controlled or limited by any argument or representation made by the patentee's attorney before the Patent Office as to the scope of the invention or the features in which it differs from the prior art. But while admissions in the file wrapper may not be adverted to as enlarging or diminishing or varying the language of the patent thereafter issued, they have value in the present case as indicating the construction that should be put upon the claims. Said the court in Goodyear Dental Vulcanite Co. v. Davis, 102 U. S. 222, 227 (26 L. Ed. 149):

"When a patent bears on its face a particular construction, inasmuch as the specification and claim are in the words of the patentee, it is reasonable to hold that such a construction may be confirmed by what the patentee said when he was making his application."

To the same effect is Grever v. United States Hoffman Co., 202 Fed. 923, 121 C. C. A. 281. It is evident that, unless the appellant here is limited to the process described in its patent, neither the process nor the product has any characteristic which can make it the subject of a patent. For claim No. 2, taken by itself, is but a description of a pavement composed of courses so blended that "the two layers are bonded into one and a compact rigid layer densest at the top."

We cannot assent to the proposition that the appellant has by its patent obtained the exclusive right to make a pavement in which the two upper layers are blended, irrespective of the process by which the blending is accomplished. The appellant accomplishes that result by superimposing the top layer upon the lower layer without having first rolled the latter, and by taking advantage of its uncompressed condition and

applying a heavy roller thereto. The appellees accomplish their result by rolling and heating the lower layer before placing and rolling the upper layer thereon. In so doing they depart in no substantial degree from the methods known and used in the prior art, and which were free to all to use.

The decree is affirmed.