**SCHNITZER et al. v. CALIFORNIA COR-
RUGATED CULVERT CO. et al.**

**No. 10334.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 17, 1944.

J. S. Middleton, of Portland, Ore., for appellants.

Geisler & Geisler, Theo. J. Geisler, and L. R. Geisler, all of Portland, Ore., and Wm. S. Graham, of San Francisco, Cal., for appellees.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from an interlocutory decree holding valid and infringed letters patent No. 1,747,942, issued to Karl Lanninger. Lanninger is an enemy alien, and appellee Crowley, as Alien Property Custodian, was substituted as plaintiff in his stead. Appellee California Corrugated Culvert Company is a licensee of the patentee.

The invention relates to conduits for conducting water for irrigation and other purposes, and specifically to the joints between the conduit pipes. The purpose of the invention, it is said, was to provide a joint sufficiently flexible to permit of the pipes' being laid over irregular ground, and readily disconnectible so as to permit of the easy removal of a line of pipes from one area to another. As described in the specifications, the coupling sleeve has an internally threaded cylindrical neck screwed on the threaded end of a pipe. The other neck of the sleeve is also cylindrical but smooth so that the end of the companion pipe can be inserted through the neck "and through the hat shaped rubber packing," the "flange" of which "is held in a recess" of the sleeve. The cup of the rubber packing fits tightly over the end of the inserted pipe, and this pipe is held fast to the sleeve by means of a hinge.

There are six claims, of which claim 3 is the only one in suit. This claim is as follows: "A pipe joint in connection with pipes one of which has an unthreaded end, a rigid coupling sleeve for coupling said pipes into which said unthreaded end extends, said sleeve having an interior annular groove in the inner surface, a packing of elastic material in said coupling sleeve consisting of a free cylindrical part frictionally enclosing the unthreaded pipe end and having a flange frictionally retained in the groove of said sleeve, and means for hingedly securing said sleeve on the pipe having the unthreaded end."

This is a combination patent, all the elements of which are concededly old. The rubber packing, preventing leakage and permitting flexibility of the joint, is the crux or key element of the combination. Appellants argue that Lanninger's invention is a mere aggregation of parts, and that it was anticipated. We find it unnecessary to consider the validity of the patent since we think it was not shown to be infringed.

Appellees manufactured a few sleeves, or couplings, which conform closely to claim 3 as illustrated in the drawings and specifications of the patent. One or more of these models were introduced in evidence. The "hat" packing used in this model has a flange perpendicular to the

axis of the sleeve, and this flange is retained in the annular groove into which it fits tightly. The parties disagree as to whether the flange is "clamped" or "retained" or "held" in the groove, but it is clear that the packing stays in place by reason of its very shape and the shape of the recess into which it fits. This coupling was expensive to make and it was not manufactured commercially. The couplings appellees have made commercially and have successfully marketed have a rounded and relatively shallow groove and they do not employ the hat packing. They employ instead a "U" or "V" shaped packing, which is the same type of packing as that used by appellants in their alleged infringing device. Appellants therefore deny that their device is an infringement upon the combination specifically claimed in the Lanninger patent.

An understanding of the infringement issue can not be had without a more definite description of the appearance and functions of these two types of packings. A "flange" or "hat" packing has the appearance implied from its name. The flange corresponds roughly to the rim of a hat, and the cup to the crown with the top portion thereof removed. A "V" or "U" packing is one wherein the two rims make the two sides of a V or U when the packing is seen in cross section. There is in the trade a well-recognized difference between a flange or hat packing on the one hand, and a U or V packing on the other. The trial court so found, and its finding has ample support in the numerous illustrated manufacturers' catalogs in evidence.

As contrasted with the flange or hat packing, the V packing (both in appellants' device and in appellees' commercial device) sits in a shallow depression in the sleeve. It would readily fall out of the recess were it not for the expansive tendency of the rubber, and more particularly for the hydraulic pressure exerted upon both its rims. Such water pressure is not exerted upon the flange of the hat packing, for this, as has been seen, fits tightly into the specially shaped groove in the sleeve. Either type prevents leakage, but in the case of the V packing the result appears to be accomplished largely by the pressure of the water upon the two lips of the V, whereas this is not true of the hat packing.

We turn once more to Lanninger's description of his invention. Figure 1 of the drawings clearly indicates a flange packing. As already noted, the specifications describe the packing as hat shaped, and as having a "flange" which "is held in a recess" of the sleeve. The specifications further state that "the very strong vertical flange on the packing cup permits of a specially simple fixation as it is inserted and clamped in a groove of the coupling sleeve." The claim is more general, but it describes the packing as "having a flange frictionally retained in the groove." It is clear, we think, that the flange described is a vertical flange, that is, perpendicular to the axis of the sleeve, and that the phrase "frictionally retained" was used advisedly without substantial reference to retention or sealing by hydraulic pressure.

■■■ The claim is to be read in connection with the specifications. Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 432, 22 S.Ct. 698, 46 L.Ed. 968; American Fruit Growers v. Brogdex Co., 283 U.S. 1, 51 S.Ct. 328, 75 L.Ed. 801; Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132; Payne Furnace & Supply Co. v. Williams-Wallace Co., 9 Cir., 117 F.2d 823; L. McBrine Co. v. Silverman, 9 Cir., 121 F.2d 181; Corcoran v. Riness, 9 Cir., 128 F.2d 870. Where the claim uses broader language than the specifications, reference may be had to the latter for the purpose of limiting the claim. McClain v. Ortmayer, 141 U.S. 419, 12 S.Ct. 76, 35 L.Ed. 800; Magnavox Co. v. Hart & Reno, 9 Cir., 73 F.2d 433; Lanyon v. M. H. Detrick Co., 9 Cir., 85 F.2d 875. The file wrapper contains evidence that the inventor understood this element of his claim in the narrower sense. During the proceedings before the Patent Office, two of the claims were rejected on Anderson, No. 811,812, and the inventor undertook to differentiate Anderson's invention, saying: "Anderson * * * does not show a packing having a flange clamped in the sleeve." (Anderson employed a U packing fitted into a seat similar to the one found in appellants' device.) While it is the rule in this circuit that admissions made by the applicant to the examiner are not to be used to narrow the scope of his claim unless he has made changes in his application pursuant to the

examiner's suggestions, yet the proceedings may be used to aid in construing the claim, Warren Bros. Co. v. Thompson, 9 Cir., 293 F. 745.

We conclude that the allegedly infringing device employs as one of its elements a packing different from that described by Lanninger, and that the two packings do not function in the same way. Appellees attempt to minimize the differences, but we think they are sufficiently substantial to spell noninfringement. Lanninger's combination is not entitled to any broad range of equivalents.

Reversed.