35 C.C.P.A.(Patents)

**Application of CHAPLIN.**

**Patent Appeal No. 5435.**

Court of Customs and Patent Appeals.
May 4, 1948.

E. W. Marshall, of New York City (Munson H. Lane, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all the claims, Nos. 15 to 24, inclusive, in appellant's application for a patent for an alleged invention relating to a method and a machine for forming molded pulp articles.

Claims 15 to 18, inclusive, relate to the method; whereas claims 19 to 24, inclusive, relate to the apparatus.

Claim 15 is illustrative of the method claims. It reads:

"The herein described method of forming molded pulp articles which comprisese [sic] suction forming an article in one position, inverting the formed article and bringing it into a substantially horizontal position of rest, raising the article vertically, moving the article laterally while maintaining it in its inverted horizontal position into axial alinement with a temporarily stationary drying die, then lowering the article vertically toward the drying die and depositing the article onto the drying die."

Claim 19 is illustrative of the article claims. It reads:

"A pulp molding machine comprising a pulp tank, a carrier mounted to rotate about a horizontal axis above the tank, a forming die on the carrier arranged to pass through the tank to a horizontal position above the tank, a horizontal drying die mounted to rotate about a vertical axis in a circular path laterally spaced from said carrier, and a transfer die mounted to move vertically toward and away from the forming die and the drying dies and to move horizontally across the space between the forming die and the drying die, said transfer die being

arranged to carry an article in a horizontal position from the forming die to the drying die."

In his decision, the Primary Examiner rejected all the claims in appellant's application on the ground that the specification did not comply with Sec. 4888, R.S., U.S.C. title 35, sec. 33, 35 U.S.C.A. § 33, which provides that:

"Before any inventor or discoverer shall receive a patent for his invention or discovery he shall make application therefor, in writing to the Commissioner of Patents, and shall file in the Patent Office a written description of the same, and of the manner and process of making, constructing, compounding, and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same; and in case of a machine, he shall explain the principle thereof, and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions; and he shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery. The specification and claim shall be signed by the inventor. No plant patent shall be declared invalid on the ground of noncompliance with this section if the description is made as complete as is reasonably possible."

The examiner further rejected claims 15 to 18, inclusive, as reciting the function of the machine disclosed by the application, and claims 19 to 24, inclusive, were rejected as vague, indefinite, and functional. Thereafter appellant moved to amend his application by citing certain patents which, it was claimed, disclosed the prior art referred to in his application. The amendment was rejected by the Primary Examiner on the ground that it involved new matter.

Claims 15 to 18, inclusive, were further rejected by the Primary Examiner on the Patent to Randall, No. 2,257,573, issued September 30, 1941.

On appeal, the Board of Appeals reversed the Primary Examiner's holding that claims 19 and 20 were not patentable over the pat-

ent to Randall. It is, therefore, unnecessary that we consider that issue.

The board further reversed the Primary Examiner's decision in which it was held that claims 15 to 18, inclusive, called for merely the function of the machine set forth in appellant's application. The board, however, affirmed the Primary Examiner's holding that all the claims were unpatentable because of the failure of appellant to set out in his original application the patents hereinbefore referred to.

Although the board did not pass upon the examiner's rejection of claims 19 to 24, inclusive, as being vague, indefinite, and functional, it entered a general affirmance of the Primary Examiner's decision, except as hereinbefore stated, and, therefore, that issue is before us for consideration.

It will be observed that the questions presented are, namely; (1) Whether claims 19 to 24, inclusive, are unpatentable because they are vague, indefinite, and functional and (2) whether all of the claims are unpatentable on the ground that appellant was not entitled to amend his application by including therein the patents hereinbefore referred to.

Claim 19, which is representative of claims 20 to 24, inclusive, states that "* * * said transfer die being arranged to carry an article in a horizontal position from the forming die to the drying die." The quoted portion of that claim merely calls for a transfer die "being arranged" in a certain manner and does not call for any structure to carry an article in a "horizontal position from the forming die to the drying die." It is obvious, therefore, that those claims are merely functional and are not patentable. See Application of Ballman et al., 57 App.D.C. 146, 18 F.2d 188.

The next question for our consideration is whether appellant was entitled, in view of the statements contained in his application, to amend his application by inserting therein the patents hereinbefore referred to.

It appears from appellant's application that "Suitable mechanism is provided for driving the various parts of the machine in desired synchronism. These mechanisms are not shown as they are well known in the

art." It is obvious from the quoted excerpt that appellant relied upon the prior art for suitable mechanism for driving the various parts of his apparatus in the desired synchronism. It is true that the prior art referred to should have been cited in appellant's application and that his application is inartifically drawn. However, appellant's application not only implies that there is prior art, but specifically states that the prior art discloses the mechanism necessary for driving the parts of his machine in the desired synchronism and that, by his proposed amendment, he was merely attempting to disclose what he claimed to be old in the prior art.

The Solicitor for the Patent Office, in his attempt to support the Board of Appeals, relied upon the cases of General Railway Signal Co. v. Thullen, 32 App.D.C. 575; In re Mraz, 36 App.D.C. 435; In re Georg Stauber, 45 F.2d 661, 18 C.C.P.A. (Patents) 774; and Marconi-Wireless Telegraph Company of America v. United States, 320 U.S. 1, 34, 63 S.Ct. 1393, 87 L.Ed. 1731.

In the case of General Railway Signal Co. v. Thullen, supra, it appears that a party Townshend referred generally to transformers and that his reference to transformers was not sufficient reference to a *particular kind of transformer.* We quote from the decision of the court in that case:

"No one of the several kinds of transformers is a part of the device or combination of the issue. The reference to transformers in general has nothing to do with their windings. While it is said the construction is in many respects like transformers—no particular kind of which is mentioned—these respects are then specifically limited to their methods of insulation, which, it is said, are not illustrated because not novel and no claim is made for them.

"In view of this reference to transformers generally, and the limited nature of the reference to their insulation, we must hold that the description is insufficient for the purpose contended."

In the case of In re Mraz, supra, it was held that the courts look with disfavor upon any attempt to enlarge the scope of a patent application which would enable the patentee to appropriate other inventions made prior to an amendment filed by the applicant. In its decision, the court quoted Rule 70 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix. That rule provides in substance that amendments to the drawings or specifications and additions thereto cannot be made where the amendments involve a departure from the original application as filed.

In the case of In re Georg Stauber, supra, the Solicitor for the Patent Office relies upon the following excerpt from our opinion in that case [45 F.2d 664]:

"If the appellant had desired to do so, he might have cited and referred in his application to such patents, or to any other patents, and, by such reference, have made them a part of his application. This he did not do, and, therefore, they cannot be considered now."

Considering that excerpt apart from the context of the opinion, it supports the contention of the solicitor that if prior patents are not referred to in appellant's original application, they cannot thereafter be referred to by amendment. However, in that case it appears that the Patent Office gave appellant several opportunities to amplify his application but that appellant failed and refused to do so; that when the quoted excerpt is considered in the light of our opinion in that case, it is clear that although appellant was given the opportunity to amend his application, he refused to do so; and that on review in this court, we could not consider any amendment which might *at that time* be suggested.

In the Marconi case, supra, relied upon by the Solicitor for the Patent Office, it was held that certain amendments which merely made *explicit* that which was *implicit* in the application were proper. The Court there stated [320 U.S. 1, 34, 63 S.Ct. 1393, 1408]:

"We think that Stone's original application *sufficiently disclosed the desirability* that the antenna circuits in transmitter and receiver be resonant to the same frequency as the closed circuits, as he expressly recommended in his patent. But in any event it is plain that no departure from or improper

addition to the specifications was involved in the 1902 amendments, which merely made explicit what was already implicit. Hobbs v. Beach, 180 U.S. 383, 395-397, 21 S.Ct. 409, 414, 415, 45 L.Ed. 586."

■ There is no departure from any of the decisions hereinbefore referred to, to hold that appellant was entitled to amend his application, in view of the quoted statements therein contained, by citing and making a part thereof certain prior art expired patents which disclosed mechanism proper to be considered in carrying out his alleged invention. In so holding, it should be understood that we have not examined the prior art patents which appellant attempted to include by amendment in his original application, and the question of whether the disclosures in those patents are sufficient to make appellant's application comply with Section 4888, R.S., supra, is not, of course, determined.

We are of opinion, for the reasons hereinbefore stated, that claims 19 to 24, inclusive, were properly rejected by the tribunals of the Patent Office, and that appellant is entitled to amend his application by inserting therein the patents referred to in the record, provided they disclose the mechanism, old in the art, which would carry out appellant's alleged invention. See Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177, where it is stated, among other things, that appellant "may begin at the point where his invention begins, and describe what he has made that is new, and what it replaces of the old. That which is common and well known is as if it were written out in the patent and delineated in the drawings."

For the reasons stated, the decision of the Board of Appeals is modified, being affirmed as to claims 19 to 24, inclusive, and reversed as to claims 15 to 18, inclusive, and the cause is remanded so that the issues as to the latter claims may be properly determined.

Modified and remanded.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.