## JOINTS, Inc. v. GARRETT.
### No. 13472–Y.

United States District Court
S. D. California, Central Division.
Feb. 15, 1952.

C. A. Miketta, W. W. Glenny, Los Angeles, Cal., for plaintiff.

Joseph F. Westall, Los Angeles, Cal., for defendant.

YANKWICH, Chief Judge.

The above entitled cause heretofore tried, argued and submitted, is now decided as follows:

Judgment will be for the plaintiff that the patent to H. W. Jewell and others for a "pressure pipe joint", covered by Letters Patent No. 2,530,700, issued on November 3, 1947, is valid and that the defendant has infringed Claims 9 and 10.

Injunction will issue against further infringement by the defendant and those under his control.

An accounting for profits and/or damages is ordered, and the matter is referred to Leslie S. Bowden, Esq. as special master to take such accounting.

Findings and interlocutory decree to be prepared by counsel for the plaintiff under Local Rule 7.

Costs to plaintiff. Attorneys' fees in the sum of $500.

### Comment.

The action relates to a patent for a pressure pipe joint covered by Letters Patent No. 2,530,700. The claims involved are Claims 9 and 10, which read:

"9. A coupling for connecting the adjacent ends of pipes comprising: a chamber including an annular member composed of a resilient compressible material having an inwardly extending annular flange arranged to lie between adjacent ends of the pipes being connected, a pair of bands within said chamber adapted to encircle adjacent ends of the pipes and means for tightening said bands.

"10. A coupling in accordance with claim 9 including a load-distributing band encircling said pipes outside said resilient annular member."

There is no question that infringement exists. The defendant is a sewer contractor. He purchased the plaintiff's device at a retail price of $1 in large quantities. Then he suddenly decided to make his own and caused some 12,500 devices to be made, 2,500 of which he used on his own jobs. The others are still in his possession.

There is evidence also that he offered to sell the joints to other sewer contractors at a price far below the price at which the plaintiff's device is being sold,—namely, thirty cents.

The only real dispute relates to validity.

I am of the view that none of the patents pleaded (Wilbur, 369,574; Mac-

Chesney, 1,885,742; Gammiter, 1,898,623; Childress, 1,974,913; MacChesney, 1,998,742; Horvath, 1,991,215; Childress, 2,031,462; MacChesney, 2,062,099; Norton, 2,097,955; Johnson, 2,097,980; Ott, 2,214,109; Ott, 2,214,110; Childress, 2,223,164; Endress, 2,232,376; Heslet, et al., 2,281,438; MacChesney, 2,319,334; Childress, 2,375,769; Childress, 2,536,536) is anticipatory of the patent in suit. The only one which is in the same field is Wilbur, No. 369,574. And that was one of the references cited in the Patent Office which was clearly differentiated. The others relate to entirely different fields, namely, outward metallic straps and strap sealing apparatus to be used in strapping on the outside boxes or bales of merchandise so as to prevent breaking or splitting.

The chief elements of the patent in suit, as expressed in the claims, are: A chamber including (1) an annular member composed of a resilient compressible material having (2) an inwardly extending annular flange arranged to lie between adjacent ends of the pipes being connected, and (3) a pair of bands adapted to encircle adjacent ends of the pipes with means for tightening the bands. [See finding 8 for more detailed description.]

Each of these elements may be old. But they do not, either in the prior art cited, or other devices introduced at the trial, exist in the cooperative relationship in which they are used in this patent in order to achieve a distinct result,— namely, a new method of coupling sewer pipes to avoid the inconvenience of the more rigid couplings used before. The claims are simple and are purely descriptive. There is no need to resort to the specifications to limit the scope of the invention. See, Schnitzer v. California Corrugated Culvert Co., 1944, 9 Cir., 140 F.2d 275. Nor do we find any elements of estoppel in the file wrapper. And if it be true, as contended by the defendant, that after rejecting the original claims, the claims actually allowed were as comprehensive, the fact does not speak against the validity of the claims allowed. Even assuming the identity of the claims allowed and those originally asked and disallowed,

the fact does not spell invalidity. It may merely indicate either that the final form was more acceptable to the Patent Office, because it overcame the objection based upon the references cited. Amendments, after original rejection, are allowed. Patent Office Rule 75, new rule (1949) 131, 35 U.S.C.A.Appendix; Walker on Patents, Deller Ed., 1937, vol. 2, pp. 849–868.

And they must be considered anew, unless they introduce new matter. Bickell v. Smith-Hamburg-Scott Welding Co., 1931, 2 Cir., 53 F.2d 356; Application of Chaplin, 1948, 168 F.2d 85, 35 C.C.P.A., Patents, 1155.

Or, it may well be that, being human, the Patent Office changed its views before final rejection.

Hence this ruling above made.

## Findings of Fact and Conclusions of Law.

This cause coming before the Court for trial on final hearing, and trial being had on February 6 and 7, 1952, during which witnesses were heard, demonstrations had and observed by the Court, exhibits filed and considered, briefs, admissions, and memoranda having been filed, and oral arguments had, the Court being fully advised in the premises and having rendered its decision, does hereby make the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. Plaintiff, Joints, Inc., is a California corporation with a regular and established place of business in Los Angeles, County of Los Angeles, State of California. Defendant, Ben B. Garrett, is a citizen of California and a resident and inhabitant of the Southern District of California, Central Division, and is doing business as a sewer contractor under the name and style of Garrett Co. at 1317 Colegrove Avenue, Montebello, California.

2. The complaint and pleadings charge the defendant with infringement of claims 9 and 10 of Patent No. 2,530,700. The answer denied infringement and attacked the validity of the patent in suit. The answer also denied utility and alleged anticipation by prior use; there is no evidence in support of these last defenses.

3. On November 21, 1950, United States Letters Patent No. 2,530,700 was issued to plaintiff corporation based upon an application filed November 3, 1947, by the inventors, Howard W. Jewell, William G. Calder, and Raymond B. Stringfield. The patent has been and now is owned by the plaintiff corporation. The patent relates to couplings especially adapted for use with ceramic pipe such as sewer pipe.

4. Plaintiff corporation manufactures and sells the patented coupling (plaintiff's Exhibit 4) and sales thereof have increased rapidly; 72,686 couplings were sold in 1949, 97,395 couplings in 1950, and 102,752 in 1951. The coupling permits the use of straight end pipe of longer lengths with fewer joints than when bell end pipe is used. The evidence shows that joints made with the patented coupling are stronger and more flexible than prior joints and the pipe lines can be laid on curves and in wet ditches. The coupling has received the approval of many municipalities and organizations and favorable endorsement of engineers. The coupling is embodied in the Standard Specifications of the City of Los Angeles, Department of Public Works (plaintiff's Exhibit 8).

5. Couplings embodying the invention of Patent No. 2,530,700 manufactured and sold by plaintiff since the issuance of said patent have been marked with the notice "Patent No. 2,530,700" as indicated by plaintiff's Exhibit 4.

6. Prior to 1951, defendant visited plaintiff's plant and bought from the plaintiff couplings made in accordance with the patent in suit. During November or December, 1950, defendant was informed by plaintiff that the couplings were covered by United States Letters Patent, and that the patent was owned by the plaintiff corporation.

7. During 1951 and prior to the filing of the complaint herein, defendant manufactured approximately 12,500 couplings as exemplified by plaintiff's Exhibit 10. Of these, defendant used approximately 2,500 in sewer construction on his own jobs. Defendant offered couplings like Exhibit 10 for sale to others at a low price.

8. The construction of the patent in suit defines a cooperative relationship between the described elements by which distinct, new and useful results are reached: the annular member grasps the ends of the pipes and conforms to irregularities therein; the annular flange centers the pipe ends and acts as a cushion therebetween; the chamber receives cement which strengthens the joint and protects the steel bands from corrosion. The joint avoids the inconvenience of the rigid couplings and joints used before.

9. Defendant's couplings (Exhibit 10) contain the same elements in the same cooperative relationship as called for by the claims in suit and perform the same functions as in plaintiff's device. Defendant's coupling includes a load distributing band or plate above the resilient sleeve or annular member as called for in claim 10.

10. Plaintiff charged defendant with infringement of United States Letters Patent No. 2,530,700 by written notice on or about August 25, 1951 (plaintiff's Exhibit 13).

11. Claims 9 and 10 are simple and not ambiguous and their scope is clearly understandable without resorting to the specification. There is no element of estoppel in the file wrapper (Exhibit D) of the application which matured into the patent in suit.

12. None of the 18 patents cited by defendant in his answer are anticipatory of the patent in suit and the patent in suit constitutes invention thereover. The relevant prior patents were considered by the Patent Office and were clearly differentiated from the invention of the patent in suit. The remaining patents relate to straps and tightening devices but not to a pipe joint having the cooperative elements of the claims in suit.

Conclusions of Law.

1. This Court has jurisdiction of the parties and of the subject matter.

2. United States Letters Patent No. 2,530,700 was duly and regularly issued to plaintiff, Joints, Inc., on November 21, 1950, and relates to a "Pressure Pipe Joint" invented by Jewell, Calder, and Stringfield. Joints, Inc., is the owner of said patent and all rights thereunder.

3. None of the prior patents cited and referred to by the defendant anticipates the

invention of the patent in suit. The defenses of invalidity and lack of invention have not been sustained.

4. Claims 9 and 10 of the patent in suit define patentable invention over each and every one of the prior art references asserted by the defendant.

5. United States Letters Patent No. 2,530,700 and particularly claims 9 and 10 thereof are good and valid in law.

6. Defendant Ben B. Garrett, has infringed claims 9 and 10 of United States Letters Patent No. 2,530,700 by manufacturing couplings embodying the inventive structure defined in claims 9 and 10 of the patent in suit and by using and offering to sell and selling said couplings.

7. The infringement by defendant was done with full knowledge of plaintiff's rights; the infringement was willful and deliberate, and was aggravated by defendant's offering his infringing couplings for sale in competition with plaintiff's patented couplings, and at a lower price.

8. Plaintiff is entitled to an accounting for profits and damages, and the matter is referred to Leslie S. Bowden, Esq., as special master to take such accounting.

9. Plaintiff is entitled to an injunction permanently enjoining and restraining the defendant, his agents, employees, associates, distributors, jobbers, and all those acting in concert with him from manufacturing, using, selling, offering for sale, advertising, or causing to be manufactured, sold or used, devices embodying the inventions of United States Letters Patent No. 2,530,700 and from any and all acts of infringement of plaintiff's Patent No. 2,530,700.

10. Plaintiff is entitled to judgment against defendant holding that United States Letters Patent No. 2,530,700, and particularly claims 9 and 10 thereof, are good and valid in law; that plaintiff is the owner of said Letters Patent and of all rights thereunder; that defendant has infringed said Letters Patent and that such infringement has been willful and deliberate; that an accounting be had of profits and damages due plaintiff for defendant's said infringement; that plaintiff recover from defendant the profits and damages found to be due plaintiff; and that plaintiff recover from defendant its costs of suit taxed by the clerk in the sum of $———— and for its reasonable attorney's fees in the amount of $500.