**M. O. S. CORPORATION, Plaintiff,**

v.

**JOHN I. HAAS, INC., Defendant.**

**No. 1525.**

United States District Court
E. D. Washington, S. D.

Aug. 11, 1965.

Robert S. Dunham, New York City, Kenneth C. Hawkins, Yakima, Wash., for plaintiff.

C. Willard Hayes and Edgar H. Martin of Cushman, Darby & Cushman, Washington, D. C., George C. Twohy, Yakima, Wash., for defendant.

LINDBERG, Chief Judge.

This is a patent case now before the court a second time for decision. A trial was held on the issues of infringement and validity on May 13, 14 and 15, 1963. These issues, however, were not fully considered and determined because of the court's ruling that an estoppel had arisen by virtue of statements of the patentee and action taken by the examiner in a proceeding before the Patent Office in connection with the denial of an application for reissuance of the patent in question, which denial was not appealed.

The judgment of this court was reversed by the Court of Appeals (9 Cir. 1964) 332 F.2d 910, and the cause re-

manded for further proceedings. The court's holding, in essence, is set forth in the following quotation from the court's opinion:

"We hold that the facts pertaining to the application for reissue, its rejection, and the abandonment of the appeal therefrom do not give rise to file wrapper estoppel, collateral estoppel, or res judicata, so as to preclude M.O.S. from asserting that, by application of the doctrine of equivalency, the claims of the patent cover the method of compressing and packing hops in single standard drums.[8]" [1]

After remand additional opinion testimony was submitted by two expert witnesses—one for plaintiff, the other for defendant—amplifying their testimony given at the initial hearing. In the main, both parties relied on the evidence and briefs submitted at the time of trial in May, 1963.

While certain pertinent facts of the litigation are set forth in the opinion of the Court of Appeals a further statement with respect to the product involved and the purpose and nature of the patent, together with some chronology, seems necessary.

The patent in issue (No. 2,674,535) was obtained on April 6, 1954, by S. S. Meisler. He then assigned the patent to the plaintiff, M. O. S. Corporation.

While the patent consists of nine claims the charge of infringement centers chiefly around claim No. 1, which reads as follows:

"A method for shipping hops comprising the steps of compressing at least one bale of hops of rectangular cross section into a bale of circular cross section, fastening the bale of circular cross section with spaced flexible members disposed transversely therearound, placing the bale of circular cross section into two steel drums with the flanges around the open ends thereof superposed, and sealing the superposed flanges of the drum."

Essentially the patent is a combination method patent and describes a process by which baled hops, of the type used by the brewing industry, are pressed from a rectangular shape into a cylindrical shape and then inserted into two standard fifty-five gallon drums for shipping. Hops come to the packer from the farmer or producer in a rectangular, baled shape —the baling material consisting of a burlap cover. The sizes of the bales vary somewhat, the usual size being about 60" x 22" x 30". The weight of the bales also varies in the range of 150 to 200 pounds.

Prior to Mr. Meisler's innovation when hops were to be shipped the packer fashioned a box slightly larger than the bales, lined it with lead or other suitable metal, and shipped two bales to a box. Since the bales varied in size they had to be measured by the packer and the box more or less custom built for the bale.[2]

Hops are a very sensitive product. After a prolonged exposure to air they lose much of their commercial value to breweries, which are the chief consumers. To overcome this problem as well as to conserve refrigerated storage space Mr. Meisler conceived the idea of placing one bale atop another in a circular press, pressing the two bales to a circular shape, and then shipping the bales in two fifty-five gallon drums. The method of shipping in the drums is to place the pressed bales in one drum, put the other drum over the top of the bales, and then seal the two drums where they

---

1. Because the court is now called upon to construe the claims, particularly claim No. 1 of the patent in issue, the footnote referred to is particularly pertinent. It is as follows: "8. This is not to say that the proceedings on the application for reissue may not be used in aid of construing the claims. See Schnitzer v. Cal-

ifornia Corrugated Culvert Co., 9 Cir., 140 F.2d 275, 276–277."

2. This holds true particularly for hops packed in the state of Washington and some other Western states. Other localities have a standard bale size.

join, which is approximately the middle of the bale.

The process alleged as infringement and used by the defendant amounts to this: a bale, as it comes to the packing house, is sawed in half; the burlap wrapping is undone and both halves are superposed one on the other in a press, and pressed into a circular shape; the two compressed halves are rewrapped with burlap, secured with wire, and placed in a *single* fifty-five gallon drum and then shipped.

When comparing the two processes, the following pertinent distinctions and similarities appear:

1. The patented process uses two entire rectangular bales[3] pressed to a circular shape. The defendant's process calls for the sawing in half of a single bale, superposing one half on the other, and pressing to a circular shape.

2. The plaintiff's process makes no attempt to adjust the weight and each package will therefore vary somewhat in weight. The defendant's process adjusts the weight so that each drum shipped has the same net weight.

3. In the plaintiff's process, both bales remain unbroken. In the defendant's process, the wrapping of the bale is broken both by sawing and by unwrapping prior to pressing into a circular shape.

4. The plaintiff's patent specifically calls for the use of two drums as a container; the defendant's process only uses one.

The distinctions between plaintiff's process and that of defendant makes apparent that there is no literal infringement. The plaintiff consequently relies upon the doctrine of equivalents to sustain its contention of infringement. In the application of this doctrine we must first consider the dissipating effects or narrowing range imposed by the prior art. In examining the record with respect to the prior art the following facts are clearly established by the record:

1. It is admitted that pressing hops into a desired shape is not new. The long-standing practice in the industry was to press the bales into rectangular shapes.

2. Pressing baled materials of square cross section into a circular cross section is not new. See Patent No. 1,418,441 (Howcott, 1922), Exhibit #73.

3. Using two cylindrical containers fastened together to form a single container is not new. See British Patents Nos. 14,946 (Whatmough, 1898), Exhibit #44; 618,912 (Young, 1949), Exhibit #47; and 624,194 (Shakesby, 1949), Exhibit #48.

4. Using a cylindrical, separable container to store hops is not new. See German Patent No. 7235 (Schmidt, 1879), Exhibit #53.

5. Using a single cylinder for housing baled materials is not new. See U. S. Patent No. 535,751 (Campbell, 1895), Exhibit #58.

The plaintiff argues for a "liberal" construction of the patent; but, as the patents cited indicate, the inventional crevasse into which the plaintiff's patent fits is quite narrow indeed. A broad construction in view of the prior art would present a serious question as to the patent's validity.

The extensive scope of this patent's inventional ancestors calls for a narrow rather than a broad construction. The policy of the law is to construe strictly the grant of a patent monopoly, see Reiner v. I. Leon Co., 324 F.2d 648 (2 Cir. 1963). This is especially true in combination patents where the elements of the patent are old but the combination of the patent is purportedly new. See Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84 at 90–92, 62

---

3. Although claim 1 permits the use of "at least one bale of hops," two bales were always used in practice. The drawings, specifications and other claims refer to two bales. The use of one bale would not alter the *logic* of any *distinction*.

S.Ct. 37, 86 L.Ed. 58 (1941); Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Co., 340 U.S. 147, 152, 154, 71 S.Ct. 127, 95 L.Ed. 162 (1950). A combination must be considered as an entirety. If one of its elements is omitted we no longer have the same combination. Thus, every part of a claimed combination is conclusively presumed to be material to the combination. See Eaton Mfg. Co. v. Sibley, 60 F.Supp. 801, 805 (D.Mich.1945).

Applying these principles, the following conclusions become evident. First, the method of packaging used by the defendant merely follows the teachings of the prior art. The defendant presses the sawed-in-half bale of hops into a circular shape, as taught by Howcott, supra. Next, the defendant places the re-formed bale into a circular container, as taught by Schmidt and Campbell, supra.

In pursuing further the application of the doctrine of equivalents with relation to the range of claim No. 1 the court also may gain assistance by referring to the file wrapper history and looking at the construction placed upon the patent by the patentee.

Initially, all the claims were rejected by the patent office. Claim No. 1 was rejected on the grounds that it was old in the art to pack hops by vacuumizing containers and admitting inert gas. Furthermore, it was found to be immaterial what shape the hops were pressed into, and it made no difference whether the container was sealed in the center or the end. Passarelli, U.S. Patent No. 754,340 (Exhibit #60); Schoonmaker, U.S. Patent No. 75,203 (Exhibit #57); and Schoonmaker, U.S. Patent No. 77,-768 (Exhibit #56) were cited (See Exhibit 14a, pages 12 and 13).

The applicant, through his attorneys, then inserted newly redrafted claims 9 and 10, and in the "remarks" in response to the examiner's rejection of claim 1 asked that he reconsider his (examiner's) statement that " 'it is immaterial what shape the hops are pressed into', *since an important part of applicant's inventive concept is to be found in the fact that two ordinary rectangular bales of hops are compressed into a single circular bale * * *"* (Emphasis added)

The examiner, apparently paying some heed to the representations of the applicant, then accepted claims 1 to 5, 7, 8 and new 9 and 10, but rejected the others. However, in so doing he made the following comment:

"Campbell (Pat. No. 535,751, supra) and Munford (Pat. No. 672,282, Exhibit #59) are considered pertinent and show that it is old to compress bales of material into cylindrical shapes and to place wire or wrapping around them while compressed." (Exhibit 14a, page 20)

With the acceptance of claim 1 thus limited by the examiner's comment it appears that the only element of novelty left is the use of two drums. The reference to Munford clearly indicates that the use of a *single* cylinder to contain the bale is no longer patentable; and a single cylinder is precisely what the defendant is using.

Finally, and as noted by the Court of Appeals, we may look to the actions of the patentee to see what construction he puts on the patent. See Schnitzer v. California Corrugated Culvert Co., 140 F.2d 275, 276–277 (9 Cir. 1944). This includes examining the statements made to the patent office in an application for re-issuance of the patent but amended to include packaging in a single drum. In his reissue oath the patentee stated:

"I verily believe the original patent to be partly inoperative or invalid for the reason that the original patent describes my invention as a combination of a method of compressing hops with the step of placing a bale into two steel drums, while actually one steel drum can be used in place of two steel drums without affecting the scope of my invention.

"That I claim that my said Letters Patent is so inoperative or invalid by reason of a defective or insufficient specification in that the

specification in the short description of the invention does not indicate that the sealing of the bale into two steel drums is an optional procedure.

\* \* \* \* \* \*

"As is apparent from the above, the errors which constitute the inadvertence, accident or mistake relied upon in applying for this reissue, consist in that *the invention as described and claimed is limited to the use of two steel drums*, while actually one drum can be used as effectively as two drums. The absence of claims in the issued patent covering the use of one drum is believed to constitute a most serious inadvertence, accident or mistake." (Emphasis added)   See Exhibit 14, pages 10 and 11. ·

In view of the stated facts as I find them, and applying the applicable principles of law, I find that there has been no infringement of the plaintiff's patent by the defendant's process, either literally or under the doctrine of equivalency.

In support and clarification of the opinion the court makes the following specific findings of fact and conclusions of law.

### FINDINGS OF FACT

#### I.

On remand from the Court of Appeals, M. O. S. Corp. v. John I. Haas, Inc., 9 Cir., 322 F.2d 910, this action for infringement of United States Patent No. 2,674,535, which issued on April 6, 1954 to Sidney S. Meisler, and relates to a method and container for shipping hops, is before this court for determination of the issues of infringement and validity.

#### II.

By an assignment dated May 24, 1954, the patentee, Meisler, assigned the patent in suit to the plaintiff, M. O. S. Corporation, a corporation of New York (Exhibit 63).

#### III.

The patentee, Meisler, is president and owner of fifty percent (50%) of the stock of plaintiff, M. O. S. Corporation.

#### IV.

The plaintiff alleges that the defendant, John I. Haas, Inc., a corporation having a regular place of business in Yakima, Washington, has infringed claims 1, 2, 6, 7, 8 and 9 of the patent in suit.

#### V.

For many years prior to July 13, 1951, the filing date of the patent in suit, hops have been packaged by the grower in standard ranch bales of rectangular cross section, each of which comprise a compressed body of hops of rectangular cross section bound and restrained by a protective wrapping of burlap.   There is a variation in the size and weight of such ranch bales, some of them weighing as little as 150 pounds, while others may weigh well over 200 pounds.   The average size is 60″ x 22″ x 30″.

#### VI.

The patent in suit describes, and purports to be an improvement over, the conventional prior art method of shipping hops used for many years prior to filing of the patent in suit wherein two superposed standard ranch bales of rectangular cross section are compressed to reduce their combined cross section, bound and fastened by wire, and then placed in a custom built, metal lined case which is then sealed.

#### VII.

The patent specification explains that to obtain the object of the invention, the two superposed standard bales are "inserted in a press which reduces the two rectangular bales to one of circular cross section."   The compressed bale of circular cross section is then fastened with wire and hermetically sealed in two standard steel drums secured end to end (Exhibit 1, col. 1, ls. 29 et seq.).

### VIII.

The principal functional advantages of the plaintiff's patented method of shipping bales of hops are that it (1) maintains the integrity of the original ranch bales in their original burlap wrappers and thus precludes exposure of the hops and consequent damage to the cones and petals, and (2) permits the elimination of the prior art custom built, metal lined containers by substituting therefor two standard steel drums whose combined length when their open ends are superposed, is sufficient to receive the 60-inch long recompressed intact bales.

### IX.

Nowhere in the specification, drawings or claims of the patent in suit is there any disclosure that other than an intact standard ranch bale including its burlap covering may be recompressed, or that less than two standard steel drums be used to package the resultant recompressed circular bale.

### X.

The broadest claim of the patent in suit is claim 1 which recites:

"A method for shipping hops comprising the steps of compressing at least one bale of hops of rectangular cross section into a bale of circular cross section, fastening the bale of circular cross section with spaced flexible members disposed transversely therearound, placing the bale of circular cross section into two steel drums with the flanges around the open ends thereof superposed, and sealing the superposed flanges of the drum."

### XI.

Claims 2 through 5 add to the requirements of claim 1 the steps of exhausting air from the drums and replacing by inert nitrogen, sulphur dioxide or inserting activated alumina.

### XII.

Both claims 6 and 7 relate to containers formed from two steel drums secured end to end with their flanges superposed and the means for sealing the superposed flanges. Claim 6 also requires "means for exhausting air from the drums," and claim 7 specifically recites "a continuous steel channel member" as part of the means for sealing the superposed flanges of the two drums.

### XIII.

Claims 8 and 9 recite more specifically the method of shipping hops set forth in claim 1. Claim 8 adds the step of inserting a preservative for the hops in the drums "before sealing together the abutted rims of the drums", while claim 9 recites "that the air in the drums is replaced with inert nitrogen."

### XIV.

The only serious contention of infringement relates to claim 1, since there is no evidence that defendant has ever packaged hops in any container other than a single 55-gallon drum, which is sealed with a conventional lid, and there is no evidence that defendant exhausted air or employed any preservatives in its single drum packaging procedure.

### XV.

There is no evidence that at the time application for patent was filed, or even as late as August 3, 1953, when the applicant added by amendment two claims directed specifically to the two-drum container, which appear as patent claims 6 and 7, that the patentee, Meisler, contemplated anything other than the recompressing of intact rectangular farm bales into an elongated cylindrical bale and the packaging of the cylindrical bale in two steel drums secured end to end with their flanges superposed and sealed.

### XVI.

All of the method and container claims presented to the Patent Office in the entire history of the Meisler application were limited to the use of two drums and no claim was ever asserted to a method or container involving only one drum.

### XVII.

In 1955 the defendant began its here-accused single drum net weight packaging procedure.

#### XVIII.

The accused net weight packaging procedure employed by the defendant comprises the steps of sawing a single standard ranch bale in half, and removing the original burlap covering to leave the hops exposed and unrestrained and thereby permit the necessary weight adjustment by the addition or removal of hops. Thereafter, the unrestrained hops of adjusted weight are compressed to a cylindrical form with a new burlap wrapping and after being fastened by metal straps or wires, are placed in a single standard 55-gallon steel drum which is sealed by a conventional lid (Exhibits 28–39).

#### XIX.

On May 18, 1956, Meisler, after conferring with his attorney, and with the consent of the plaintiff, M. O. S. Corporation, filed an application for reissue of his patent. The reissue application included claims 1–9 of the patent, and a new claim 10, broadening the last two steps of claim 1 in the following language:

"placing the bale of circular cross section into at least one drum and sealing said drum."

The specification was broadened similarly by stating the bale was hermetically sealed "in one or two steel drums" instead of "in two standard steel drums" (Exhibit 14).

#### XX.

In the Oath accompanying the application for reissue, the patentee, Meisler, said:

" * * * I verily believe the original patent to be partly inoperative or invalid for the reason that the original patent describes my invention as a combination of a method of compressing hops with the step of placing a bale into two steel drums, while actually one steel drum can be used in place of two steel drums without affecting the scope of my invention.

"That I claim that my said Letters Patent is so inoperative or invalid by reason of a defective or insufficient specification in that the specification in the short description of the invention does not indicate that the sealing of the bale into two steel drums is an optional procedure.

\* \* \* \* \* \*

"As is apparent from the above, the errors which constitute the inadvertence, accident or mistake relied upon in applying for this reissue, consist in that the invention as described and claimed is limited to the use of two steel drums, while actually one drum can be used as effectively as two drums. The absence of claims in the issued patent covering the use of one drum is believed to constitute a most serious inadvertence, accident or mistake." (Exhibit 14)

#### XXI.

The reissue application was rejected on October 19, 1958. The Examiner held the application to be defective "in that new matter has been introduced into the case * * * wherein the terms 'one or' have been inserted. No reference was made in the original specification or claims to the use of one drum for shipping hops." (Exhibit 14, page 20)

#### XXII.

On September 13, 1956, Meisler, by his counsel, requested reconsideration of the Examiner's rejection of the reissue application and urged that "the original application contains data from which it is apparent that two drums can be used in lieu of one drum," and that "the use of one or two drums is inherent in the original specification" (Exhibit 14, page 22).

#### XXIII.

On October 19, 1958, the Examiner rejected Meisler's reissue application. Thereafter, Meisler abandoned the reissue application.

#### XXIV.

The Court of Appeals in remanding this cause, held that the proceedings on

reissue can be used as an aid in construing the claims of the patent in suit.

### XXV.

The defendant's single drum net weight packaging procedure does not literally infringe claim 1 of the patent, since defendant does not compress "at least one bale of hops", but rather unwraps, compresses and bales a sawed-in-half bale of hops of precisely predetermined weight, and defendant utilizes only a single drum rather than "two steel drums". Therefore, to sustain its charge of infringement, plaintiff must rely upon the doctrine of equivalents to obtain a broadened construction of the claim which would include defendant's single drum net weight packaging method within its patent monopoly.

### XXVI.

The defendant's single drum net weight packaging procedure is fundamentally different from the plaintiff's patented method, and does not perform the same function in the same way to obtain the same results. Unlike the patented method, the defendant's procedure destroys the integrity of the original ranch bale so as to permit access to the hop contents and adjustment of the weight necessary for net weight packaging. The defendant's procedure does not obtain the advantage of the patented method, emphasized by the patentee, Meisler, of maintaining the integrity of the original ranch bales in their original burlap wrapping so as to preclude exposure of the hops and consequent "damage to the cones and petals." Defendant thus compresses and bales unrestrained blocks of hops intermingled with filler hops to provide a cylindrical bale of hops of accurately controlled predetermined net weight. The defendant's resultant cylindrical bale of predetermined net weight is fundamentally different than the elongated random weight, recompressed ranch bale of the patented method. Similarly, the defendant, by utilizing a single conventional steel drum, does not obtain the advantage of a container which will contain recompressed intact ranch bales in their original elongated form. Moreover, the defendant's considerably more involved and obviously less efficient single drum net weight packaging procedure does not attain the high production rates which are readily attained according to the patented method.

### XXVII.

On its face, the patent in suit is at best only a narrow improvement over the prior art method of shipping hops wherein two superposed recompressed standard ranch bales of rectangular cross section are packaged and sealed in custom built, metal-lined cases, and therefore, must be narrowly and strictly construed.

### XXVIII.

There is not only no suggestion of the use of less than two steel drums in the specification and drawings of the patent in suit, there is also no indication of the additional steps of cutting and rebaling which are necessary for the single drum net weight packaging procedure employed by the defendant.

### XXIX.

In addition to the prior art practice of shipping recompressed bales of hops in custom built, metal-lined cases, the permissible construction of the claims of the patent in suit is further limited by the prior art U.S. Patent to Howcott, No. 1,418,441, issued June 6, 1922, the 1948 Hind publication (Exhibit 40), and the 1900 Gross publication (Exhibit 41). None of these prior art publications were before the Patent Office during the prosecution of the patent in suit.

### XXX.

The 1922 patent to Howcott discloses the steps of compressing a bale of rectangular cross section into a bale of circular cross section and fastening the bale of circular cross section with wire bale ties.

### XXXI.

Both the 1948 Hind publication and the 1900 Gross publication disclose the

packaging of a cylindrical bale of hops in a single drum.

## XXXII.

Any construction of claim 1 of the patent in suit to cover the single drum net weight packaging procedure employed by the defendant would be inconsistent with the teachings of the patent, the representations upon which the claims in suit were allowed, the admissions made by the patentee in the application for reissue, and the prior art.

## XXXIII.

The accused single drum net weight packaging procedure is not the equivalent of the patented method.

## XXXIV.

The only novelty between the patented method and such prior art is the use of two standard or conventional drums secured end to end to contain the elongated cylindrical bale of hops.

## CONCLUSIONS OF LAW

### I.

This court has jurisdiction of the subject matter of the plaintiff and of the defendant.

### II.

Plaintiff is the owner of the patent in suit.

### III.

Claim 1 of the patent in suit is not literally infringed by the defendant's method.

### IV.

Claim 1 of the patent in suit cannot be construed to cover, as an equivalent, the accused single drum net weight packaging procedure used by defendant.

### V.

Claims 1, 2, 6, 7, 8 and 9 of the patent in suit are not infringed.

### VI.

A judgment shall be entered dismissing the complaint and holding claims 1, 2, 6, 7, 8 and 9 of the patent in suit, No. 2,674,535, not infringed.

